## S. H. BROWN v. WILLIAMS & CLOAK.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF PHILA-
DELPHIA COUNTY.

Argued March 20, 1888—Decided April 16, 1888.

1. A release executed by mechanics or material men, during the progress of the construction of a building, of all manner of liens, etc., "which we or any or either of us now have or might or could have on or against the said building," is an unconditional agreement to look to the personal responsibility of the owner or contractor and not to the structure.

2. Such a release, though made during the progress of the work, is operative to discharge the building from mechanics' liens as effectively as though made after its completion, and for labor done and material furnished after, as well as before its execution.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 36 January Term 1888, Sup. Ct.; court below, No. 75 December Term 1885, C. P. No. 2.

On March 9, 1886, a scire facias issued upon a mechanics' lien entered by Lemuel L. Williams and John H. Cloak, trading as Williams & Cloak, against Samuel H. Brown, owner and contractor.

At the trial on April 7, 1887, it appeared that the plaintiff's claim was filed for a balance of $129 claimed to be unpaid for the laying of the bricks of four new houses erected for the defendant on Kensington avenue. These houses, as others erected at the same time on Ruth street, were begun early in July, 1885, and completed on October 3, 1885. When the plaintiffs' case was closed it was shown that the houses were being erected for sale, and that the defendant had had two releases of liens prepared, one for the Ruth street houses and one for the Kensington avenue houses. All the mechanics and material men, and among the others, the plaintiffs, signed the releases. The plaintiffs signed that relating to the Kensington avenue properties on August 1, 1885, when the first stories

only were erected. The work and materials for which the balance was claimed were performed and furnished after that date.

The defendant offered the following release in evidence, signed by the plaintiffs, August 1, 1885:

Whereas, we, the subscribers, have erected and furnished materials for erecting four brick dwellings and stores, on a lot or piece of ground situate on the eastwardly side of Kensington avenue, . . . . . for Samuel H. Brown, owner and contractor, and have agreed to release all liens which we or any or either of us have or might have on the said buildings by reason of materials furnished or work performed for erecting the same. Now, these presents witness that we, the subscribers, for and in consideration of the premises, and of the sum of one dollar to each of us, at or before the sealing and delivery hereof by the said Samuel H. Brown, well and truly paid, the receipt whereof we do hereby acknowledge, have remised, released and forever quit-claimed, and by these presents do remise, release and forever quit-claim unto the said Samuel H. Brown, and to his heirs and assigns, all and all manner of liens, claims, and demands whatsoever which we or any or either of us now have or might or could have on or against the said buildings and Samuel H. Brown and premises for work done or for materials furnished for erecting and constructing the said buildings, or otherwise howsoever; so that he, the said Samuel H. Brown, his heirs and assigns, shall and may have, hold and enjoy the said buildings and premises freed and discharged from all liens, claims and demands whatsoever which we or any or either of us now have or might or could have on or against the same if these presents had not been made.

In witness whereof we have hereunto set our hands and seals the day of the date written opposite our respective signatures.

This offer was objected to as irrelevant, because all the work claimed for was done after the date of the release. Objection sustained and evidence excluded.

The defendant admitted he owed the plaintiffs $29.

The court, MITCHELL, J., submitted to the jury the evidence as to whether the balance claimed had been paid or not.

The verdict of the jury was in favor of the plaintiffs for $137, being the plaintiffs' claim with interest. Judgment having been entered, the defendant took this writ, assigning as error, inter alia, the refusal to admit said release in evidence.

*Mr. James M. Beck*, for the plaintiff in error :

1. As the mechanics' lien law is a piece of class legislation, and in plain derogation of the common law, the claimant can have what is nominated therein, and nothing more : Williams v. Tearney, 8 S. & R. 60; Hern v. Hopkins, 13 S. & R. 277; Bolton v. Johns, 5 Pa. 145; McCay's App., 37 Pa. 128; Esterley's App., 54 Pa. 192; Ely v. Wren, 90 Pa. 148; Reid v. Kenney, 4 W. N. 450.

2. The lien given to a mechanic or material man is peculiar. It is both prospective and retrospective. The moment one begins under a contract for or about the construction of a building, he has a prospective lien for the entire amount to be due him, although his work has not yet been done or its value ascertained; and his contract being considered as an entirety, when the work is done and its value ascertained its lien, as a liquidated incumbrance, relates back to the commencement of the building: Denkel's Est., 1 Pears. 213; Diller v. Burger, 68 Pa. 432.

3. Such being the nature of the plaintiffs' extraordinary remedy, it was expressly waived by the plain provisions of their release: Long v. Caffrey, 93 Pa. 526; Given v. Church, 11 W. N. 371. But, even if this were not correct, the release should have been submitted as bearing on the question whether or not the work was done on the credit of the buildings: Hills v. Elliott, 16 S. & R. 56; Church v. Allison, 10 Pa. 413; White v. Miller, 18 Pa. 53; Norris's App., 30 Pa. 125.

*Mr. Frank S. Christian*, for the defendant in error:

The release, if valid at all, operated only as a release of all right of lien for work done and materials furnished prior to its execution: Stevenson v. Stonehill, 5 Wh. 301. As to the second position, how could the admission of the release in any way affect the question whether the bricks laid after its execution and delivery were laid on the credit of the buildings? Moreover, White v. Miller, 18 Pa. 54, emphatically contradicts

the proposition it is cited to establish. Materials and labor are presumed to be furnished on the credit of the building: White v. Miller, supra; Hinchman v. Graham, 2 S. & R. 170.

Opinion, MR. JUSTICE WILLIAMS:

The first assignment of error raises the only important question in this case. The plaintiffs below contracted with Brown to lay the brick for nine dwelling-houses. Four of these fronted on Kensington avenue, and five on Ruth street. They were built to sell, and, in order to enable Brown to make sales as opportunity offered, the mechanics and material men executed to him a release of liens. The release recites that the subscribers " had erected four brick dwellings and stores " on Kensington avenue, and had " agreed to release all liens which we or any or either of us have or might have on said buildings " for work or materials furnished for their erection; and then declares that in consideration of the premises and one dollar in hand paid " we have remised, released and forever quit-claimed and by these presents do remise, release and for-ever quit-claim unto the said Samuel H. Brown and to his heirs and assigns all and all manner of liens, claims, and demands whatsoever which we or any or either of us now have, or might or could have, on or against the said buildings and Samuel H. Brown and premises for work done or materials furnished for erecting and constructing the said buildings." This was signed by more than twenty persons and firms, including the plaintiffs, and delivered to Brown.

The buildings were not finished at the date of the release, and the plaintiffs laid brick upon them after that time amounting to about $400, and filed a mechanics' lien therefor. A writ of scire facias was issued, and on the trial the plaintiffs alleged that a balance of $100 was still due and unpaid for the work done by them. This the defendant denied, and in support of his denial produced a receipt from the plaintiffs covering the alleged balance. He also offered the release signed by the plaintiffs and others for the purpose of showing that the plaintiffs had no right to recover on their mechanics' lien. The admission of the release was objected to as "irrelevant and because all the work claimed for was done after the execution of the release." The court sustained the objection and rejected the offer.

This was error. The release did not purport to be a partial release of the building, or to relate to work done prior to its date, but in express terms it released " all manner of liens, claims, or demands which we . . . . . have, or might or could have, on or against the said buildings . . . . . for work done or materials furnished for erecting and constructing said buildings." The terms employed are apt and sufficiently comprehensive to do what they were very clearly intended to do, viz. : to free the buildings from all " lien, claim, or demand " for the materials furnished and work done on them. The date of such a release does not limit or restrict its operation. If made before the work began, or at any time during its progress, it is operative to discharge the building from lien as completely as though made after its completion. It is the whole building to which it relates, and not a part of it. It affects all the work done or materials furnished by him who signs it, not a part of them ; and it is an unconditional agreement to look to the personal responsibility of the owner in lieu of the structure. The release was therefore relevant, and was an answer to the writ of scire facias which left the plaintiffs no standing whatever.

The judgment is reversed.