SPOONER R. HOWELL, APPELLANT, v. T. A. HATHAWAY ET AL., APPELLEES.

[FILED FEBRUARY 19, 1890.]

1. **Mechanics' Liens:** WIFE'S PROPERTY. Where lumber and building material were furnished to a husband for the erection of a dwelling-house for himself and wife, and which lumber and material were so used, the legal title of the lot, however, being in the wife; the testimony showed that she knew that the lumber was being furnished for the purpose named, and by whom, and the size and style of the house, and that she made no objections; there was no proof as to how she acquired title to the lot in question, whether as a gift from her husband or had paid for the same with her own means: *Held*, That the property was subject to a mechanic's lien for such lumber and material.

2. ————: ————. *Held*, That the proof tended to show the acquiescence of the wife in the contract of the husband.

APPEAL from the district court for Hall county. Heard below before TIFFANY, J.

*O. A. Abbott*, for appellant, cited: *Thompson v. Davenport*, 9 B. & C., 78 [2 Smith's Leading Cases, 377*]; *North v. LaFlesh*, 73 Wis., 520 [41 N. W. Rep., 633].

*Darnall & Babcock*, and *L. M. Whitney*, contra.

MAXWELL, J.

This is an action to foreclose a mechanic's lien.

The plaintiff in error is a dealer in lumber and building material, and furnished to one Moore, who had contracted with T. A. Hathaway to build a house on a certain lot, the building material necessary to erect the house. Before the lumber was all furnished, Mr. Hathaway called upon the plaintiff in error and stated that he would pay for the lumber and other material furnished to build said house.

The testimony shows that the value of such material was the sum of $665.10, of which sum T. A. Hathaway had paid before judgment the sum of $500.

Annie L. Hathaway, the wife of T. A. Hathaway, in her answer claims to be the owner of the lot on which the building stands, and denies that she entered into a contract with the plaintiff in error for said material.

On the trial of the cause the court found the issues in favor of Annie L. Hathaway; that is, found that the plaintiff in error did not have a mechanic's lien on the property in question and dismissed the action as to her.

The court also rendered judgment in favor of the plaintiff in error and against T. A. Hathaway for $165.10 and interest.

The only question for determination is, Did the plaintiff in error have a lien on the house?

The only witness called on behalf of the defendants was T. A Hathaway, the husband of Annie, who testifies that the lumber was furnished for the house in question and that he and his wife were living in the house; that his wife knew at the time it was being built the size and style thereof, and that she knew that the plaintiff in error was furnishing the lumber of which the house was constructed.

The testimony also shows that the legal title to the lot in question is in the name of the wife, Annie L. Whether she in fact purchased it with her own money does not ap-

pear, neither does the evidence show any facts as to the manner in which she acquired it. For aught that appears her husband may have bought the lot and paid for it, but put the legal title in the name of his wife. She now claims the lot with the house thereon as her property without showing any facts as to how she acquired title. If the lot was a mere gift from her husband and he caused a house to be built thereon, of which she had full notice, she certainly could not retain the house without paying for it.

While courts will protect a wife as far as possible in the enjoyment of their own separate estate, yet they cannot permit her to acquire as donee and retain property from her husband free from the claims of creditors where such property in the hands of the husband would be liable for his debts. To entitle her to protection in that regard she must be a *bona fide* purchaser for value. (*Monteith v. Bax,* 4 Neb., 160; *Williams v. Evans,* 6 Id., 217; *First Nat'l Bank v. Bartlett,* 8 Id., 319.)

In *McCormick v. Lawton,* 3 Neb., 449, where the contract was made with the husband the property was held to be subject to a mechanic's lien. MASON, Ch. J., says, p. 452: "It clearly appears from the record before us that John McCormick, the assignee of McCoy of the lot and premises, had full knowledge of the work done and material furnished by Lawton, and that the same were not paid for. All these plaintiffs in error took such interest as they possess, charged with all the equities of the defendants in error.

"When the wife is the owner of the fee of the lots, and the husband contracts for the erection of a dwelling-house on the same, and the wife gives directions and instructions to the workmen, as to the kind and character of dwelling to erect, and the manner in which the work shall be done, in the absence of counteracting proof it will be presumed that the husband acted as the agent of the wife in entering into such contract

"This view of the case is certainly greatly strengthened by our statutes, which provide that any real estate belonging to a married woman may be managed, controlled, leased, demised, or conveyed by her, by will or by deed, in the same manner and with the same effect as if she were single. (Revised Statutes, 1866, chap. 43, sec. 47.)"

The same rule was applied in *Scales v. Paine*, 13 Neb., 521.

These cases, in our view, state the law correctly and will be adhered to, and they are decisive of this case.

The judgment of the district court, so far as Annie L. Hathaway is concerned, is reversed and a decree foreclosing the lien will be entered in this court.

JUDGMENT ACCORDINGLY.

THE other judges concur.