WILLIAM DEERING & CO. v. B. F. MILLER ET AL.

[FILED JANUARY 4, 1892.]

1. **Chattel Mortgages:** FAILURE TO RELEASE: DAMAGES. In an action to recover $50 for neglect of the agent of the mortgagee of a chattel mortgage to release the same the district court struck out all that part of the petition relating to the penalty, and the action thereupon proceeded as a common law action for actual damages, the question of the validity of the statute not being before the court. *Held*, That the testimony failed to show any legitimate actual damages, and that a judgment for $50 could not be sustained.

2. ——: ——: ——. Where a chattel mortgage is paid in full it is the duty of the mortgagee or his agent to release the same, acknowledge satisfaction of the debt in the proper office, and if such release is delayed for an unreasonable time, and damage thereby ensue to the mortgagor, he may recover the same by action, but only such damages can be recovered as naturally result from the wrong complained of.

3. ——: ——: ——. The statute which provides for a penalty in case the mortgagee, etc., delay releasing the mortgage for a certain number of days, is merely cumulative and will not prevent a recovery for actual damages.

ERROR to the district court for Custer county.   Tried below before HAMER, J.

*Bartlett, Crane & Baldridge,* and *Blair & Campbell,* for plaintiffs in error.

*Kirkpatrick & Holcomb,* and *Thomas Darnall, contra.*

MAXWELL, J.

This action was brought in the court below apparently to recover $50 penalty provided for in the act of 1885. The court below, however, in striking out certain parts of the petition, held " that the plaintiffs (defendants in error) could not recover the $50 penalty mentioned in the first cause of action because the statute was unconstitutional."

This ruling is not before this court for review and has not been discussed by the attorneys for either party, and it would be improper to express an opinion thereon.

The case proceeded to trial as a common law action to recover for actual damages sustained, and on the trial the jury returned a verdict for $50, upon which judgment was rendered.

The first question presented is the amount of actual damages proved.   John F. Miller, one of the plaintiffs below, testifies:

Q. State who had charge of the defendants' business in Broken Bow.

A. E. P. Fountain.

Q. He is the party who gave you that note?

A. Yes, sir.

Q. State if you know at any time after this note was paid of any demand or notice being made upon Fountain concerning the cancellation of this mortgage.

A. I do.

Q. State about when the first notification was made.

A. A few days after it was paid off, probably the first day.

Q. State all about the request to cancel the mortgage, what was said and done.

A. My brother Benjamin made the demand of Mr. Fountain to release that mortgage in my presence.

Q. State as near as you can what he said to Mr. Fountain.

A. He told Mr. Fountain that we had paid the note offered here in evidence and we wished to have it released. He stated that he would do so; that he would look after it in a few days.

Q. State who else was present.

A. I cannot say whether Mr. Holland was present in the office at that time or not.

Q. State if at any time after that you received any notice that he had released it.

A. We did not.

Q. State if there was any demand made upon him after that to release it.

A. I think not in my presence.

The testimony of Fountain on this point is to the effect that the mortgage had been incorrectly indexed; that he went to the clerk's office a number of times and endeavored to find that particular mortgage, but was unable to do so, and this testimony is not denied.

It is the duty of a mortgagee or his agent or attorney, when a mortgage debt is paid to release the mortgage, ac-

knowledge satisfaction thereof, because that is what a re-
lease is.   The property of a debtor should not be clouded
with apparent incumbrances when they in fact no longer
have any validity, and in a proper case there is no doubt
of the right of a party to recover for a failure to perform
this duty.   The statute is merely cumulative and pro-
vides a penalty for the failure for a certain number of days
to perform the duty, but it does not prevent a recovery for
actual damages.   Some actual damages must be proved,
however.   None were proved in this case up to the time of
making the demand.   An attempt was made to prove dam-
ages for the use of team and loss of time in going to and
returning from Broken Bow, but it is evident that such
damages are not a legitimate charge against the plaintiff in
error.   Neither is the failure to sell certain property, as
the property itself had not, so far as appears, depreciated
in value.

Upon the whole case there is a failure of proof to sustain
the petition, and the judgment is reversed and the cause
remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.