EDWARD A. BANGS, TRUSTEE, APPELLANT, V. ROBERT GRAY ET AL., APPELLEES.*

FILED SEPTEMBER 19, 1900.    No. 9,267.

1. **Evidence: FINDING: MORTGAGE DEBT: PAYMENT.** Evidence examined, and *held* sufficient to sustain the finding that the mortgage debt was paid in full to the duly authorized agent of the owner of the note and mortgage.

2. **Testimony of Deceased Person: INTERESTED WITNESS.** In case evidence of a person deceased shall have been taken and read in evidence by his representatives in regard to any transaction or conversation, then an interested witness may be examined in regard to the facts testified to by such person deceased.

3. **Release of Mortgage: PENALTY: DEMAND: CONDITION PRECEDENT.** Before a mortgagor can recover the penalty prescribed by section 29, chapter 73, Compiled Statutes, for failure to discharge a real estate mortgage after full payment thereof, a prior demand upon the mortgagee or his agent for such release or discharge must have been made. Such demand is a condition precedent to a right of action.

APPEAL from the district court of Cass county. Heard below before RAMSEY, J. *Affirmed in part.*

*S. L. Geisthardt,* for appellant.

*J. H. Haldeman* and *R. B. Windham, contra.*

NORVAL, C. J.

In 1885 one Robert Gray, of Cass county, borrowed of the Connecticut River Savings Bank, of Charleston, N. H., the sum of $2,000, giving as security for the payment thereof a mortgage on certain real estate situate in this state. This loan was made through one Benjamin A. Gibson of said county. At that time, and from thence until 1895, one George Olcott was the treasurer and manager of said bank, also the trustee of the estate of Anna C. Webber, deceased. After said loan was consummated, the note and mortgage were sold and transferred by said

*This case is reported in 83 N. W. Rep., 680, as *Olcutt v. Gray.*

bank to said Olcott as such trustee.  The real estate so
mortgaged was transferred by mesne conveyances to one
Addison P. Weston, who paid the principal of said note,
at or soon after its maturity, to said Gibson.  Several
years after said payment the attorney of said Weston de-
manded of one Seth W. Eddy, who, it is alleged, was at
such time the agent of said bank, a release of said mort-
gage, and, such demand remaining uncomplied with on
the part of said bank for more than seven days, action
was commenced by him against it to recover the statu-
tory penalty; also to have entered a decree canceling
said mortgage of record.  The bank answered, disclaiming
any interest in said mortgage, and alleging the transfer
by it of said mortgage to Olcott as trustee as aforesaid.
Olcott then commenced action to have said mortgage
foreclosed.  Olcott and Weston both died, and the actions
were revived in the names of their respective personal
representatives.  The actions were consolidated, and, on
trial, the issues in both cases were found in favor of the
personal representatives of Weston and judgment en-
tered accordingly; whereupon appeal to this court was
taken by the defeated parties.

In the foreclosure case it is alleged that there is no
evidence to support the findings of the court, to the effect
that at the time said principal was paid by Weston to
Gibson the latter was agent of Olcott to receive such pay-
ment; and further, that upon the receipt of such principal,
it or its equivalent was paid by Gibson to Olcott. Without
specifically pointing out such evidence, we would say that
we are of opinion that there was evidence to support both
such findings of the lower court, and the judgment will
not for that reason be disturbed by this court.  It is fur-
ther argued that the findings are based upon the evidence
of Gibson, introduced by Weston, and that the record
shows that Gibson was incompetent as against Olcott,
he having a direct legal interest in the action.  Whether
the ground for this objection exists or not, Gibson's testi-
mony was made competent through the action of the ad-

verse party in introducing the deposition of Olcott, after Gibson's testimony had been introduced, and the representatives of Olcott can not, therefore, complain of such ruling of the trial court. *Kroncke v. Madsen*, 56 Nebr., 609. The decree denying foreclosure of the mortgage must, therefore, be affirmed.

The judgment of the lower court in favor of the personal representative of Weston against Bangs, who succeeded Olcott as trustee of the Weber estate, so far as it awarded such personal representative a judgment for $100 against said Bangs for failure to release such mortgage, must be reversed, for the rason that there is no evidence to support the finding. All evidence is to the effect that the demand was made by the attorney of Weston upon Eddy as agent of the bank, and not as the agent of Olcott; and the demand was that such bank release such mortgage, and that at such time Olcott, as trustee, was the owner of said mortgage. This being the case, no proper demand was made upon Olcott, as is required by section 29, chapter 73, Compiled Statutes, 1897, and such a demand is a condition precedent to a right of action. There is evidence of record to sustain a finding that at the time said demand was made upon Eddy he was not only the agent of the bank, but also of Olcott; but we do not think such fact is material, for the reason that the demand was not made upon Eddy as agent of Olcott, but upon him as the agent of the bank, and as the statute is highly penal in its nature, a strict compliance with its requirements must be exacted.

The judgment of the district court allowing Pollard, executor of Weston, a recovery against Bangs, trustee, for the statutory penalty of $100 for failure to release said mortgage, is reversed; but in all other respects, the decisions in both cases are

AFFIRMED.