CHARLES J. OLSON, APPELLEE, v. WALTER J. LAMB ET AL., APPELLANTS.

FILED MARCH 6, 1901. No. 11,672.

1. Appeal: REVERSAL: TRIAL DE NOVO: AMENDMENT: DISCRETION: REVIEW. Where on an appeal to this court in an equity action the judgment of the trial court is reversed and the cause remanded with instructions to retake an accounting between the parties, the trial court may, in its discretion, permit an amendment to the pleadings and a trial *de novo* respecting such issue; and unless there is an abuse of discretion, the allowance of the amendment will be held not erroneous.

2. ———: ———: COSTS. Where one of the litigants in the trial of the case was denied any relief and decreed to pay half the costs, and on appeal the decree was held erroneous and the party entitled to affirmative relief, the judgment of reversal also reverses the decree as to costs.

3. Motion to Retax Costs: FILING AT SUBSEQUENT TERM: EFFECT: JURISDICTION. A decree as to costs having been rendered in the action, and a motion to retax filed at a subsequent term, *held*, that the motion was in effect a motion to vacate or modify the decree as to costs, and being filed at a subsequent term, the court was without jurisdiction to act thereon.

4. Action for Accounting: REDEMPTION AND EQUITABLE RELIEF: PLEADINGS: EVIDENCE: PERSONAL JUDGMENT. The action being in equity for an accounting between the parties, for the right to redeem and "for such other and further relief as equity may require," a personal judgment under the pleadings and the evidence *held* proper.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J.  *Affirmed.*

*Walter J. Lamb*, for appellants.

*Ricketts & Wilson, contra.*

HOLCOMB, J.

This is an action in equity, which for the second time is here for consideration.  On the first appeal an exhaustive opinion was filed, determining and disposing of all the essential points of difference in controversy and remanding the case with special directions for further proceedings in accordance with the views expressed in the opinion.  *Olson v. Lamb*, 56 Nebr., 104.  The case is fully stated in that opinion and need not here be repeated.

The controversy as it now stands is with regard to the rights of the respective parties as determined by the trial court in the subsequent proceedings after the remanding of the case on the last appeal.  Lamb appeals from the judgment last rendered in the district court, and the other parties, by reason of a cross-appeal, appear also in the role of appellants.  In the opinion referred to it is said:  "As to Olson the case must be reversed and remanded with directions to the trial court to retake the account, allowing to Olson the benefit of the discounts at which Lamb purchased the liens, including the $1,000 remittitur, and to allow him also the reasonable value of his work under the contract to complete the building; to charge Lamb with rents.  On the other hand Lamb should be credited with his actual disbursements in buying the property, in completing the building and in managing the same.  He should be allowed nothing for legal services, but receive a reasonable compensation for superintending and managing the property after he acquired title."

With reference to the appellee, the Prentice Brownstone Company, the opinion says:  "The stone company

must also be permitted to redeem. In adjusting its account it should be allowed credit for such proportion of this $1,000 [the remittitur] as it would have been apportioned had the bid been that much higher and no remittitur entered. It should also be given the benefit of the discounts on the two liens" [referring to the two liens purchased by Lamb at a discount].

The case is thus narrowed down to an accounting between the contesting parties according to the method held in the opinion to be proper in determining their respective rights and interests in the subject-matter of the litigation.

After the cause was remanded, permission was applied for and obtained to amend the pleadings as against Lamb, by alleging that for one of the liens purchased by him, denominated the Leavitt lien, he paid nothing therefor, having secured the same by trading worthless paper. In the first pleading the discount was alleged to be $100; by the amendment it was sought to allege and prove that it was much greater and equaling the face value of the lien. Under the amended pleadings and proof the amount found to have been paid for the Leavitt lien by Lamb was $1,050, some $525 less than under the former decree.

Complaint is made because of the action of the trial court in allowing the amendment spoken of, it being contended that under the special mandate the amendment was not permissible and that the finding thereunder should be disregarded, and the parties' rights with respect to the item affected by the amendment be held to be as fixed in the first decree. Under the special mandate the cause was remanded with directions to retake the accounts of the parties, the first having been improperly taken. This was in effect a direction to relitigate the question of the state of the accounts of the litigants. Upon this issue a trial de novo was permissible, or the case might proceed on the evidence already taken. The pleadings might be amended with respect to the accounts

of the parties, not as a matter of right, but in the exercise of a sound discretion vested in the trial court, and its action in regard thereto will not be held erroneous unless there appears an abuse of discretion. *Troup v. Horbach*, 57 Nebr., 644; *Pinkham v. Pinkham*, 60 Nebr., 600.

On the first hearing half the costs of the action was decreed against the defendant, the Prentice Brownstone Company. On the second trial a decree was entered assessing the costs of the action made by plaintiff and defendant stone company, against defendant Lamb, and it is now urged that the decree awarding costs in the first trial became final on the affirmation of the judgment on appeal, with the exceptions noted. We think the decision of this court reversing the decree as to the stone company and awarding it the right to redeem, as well as directing that it be apportioned its proportionate share of the amount bid, on the sale of the premises, carried with it the reversal of the decree awarding one half of the costs of the first trial against the company. That decree gave the stone company no relief whatever. On appeal it was determined that it was entitled to affirmative relief, and the judgment of the lower court was reversed accordingly. This left the question as to the proper disposition of the costs made in the action under the control and subject to the decision of the trial court until the case was finally disposed of in that tribunal. In the subsequent proceedings had the defendant stone company obtained a judgment for its *pro rata* share in the proceeds of the sale of the property on which it held a lien and the right to redeem the property in the event of the plaintiff's failure to do so. It was also given judgment for its costs. The motion to retax the costs was, in effect, a motion to vacate or modify the decree as to costs, and being filed at a subsequent term, the court was without jurisdiction to entertain it. The decree as to the costs in the action was subject to the judgment of the trial court in the exercise of its judicial functions, and appears to be founded on the usual considerations gov-

erning the subject. We observe no erroneous action in the decree rendered awarding costs against the party complaining.

Objection is also made because a personal judgment was rendered in favor of the company for its *pro rata* share of the purchase price of the property on which it held a lien. We regard this question as having been settled in the former opinion. It was there specifically held that this defendant was entitled to a share in such proceeds, and that the remittitur of the appellant Lamb should be treated as increasing his bid to that amount. The decision in the former appeal regarding this matter has become the law of the case and will be followed.

The amended answer and cross-petition of the stone company stated the facts on which it relied for relief, and prayed in addition to be allowed to redeem and "for such other and further relief as equity may require." It was entitled to the relief due under the pleadings and the evidence. *Bank of Stockham v. Alter*, 61 Nebr., 359. The court having acquired jurisdiction would retain it for a full and complete disposition and adjudication of all questions involved in the controversy. The controversy could not be finally adjusted and determined save by adjusting the accounts of the parties, ascertaining what was due each and decreeing that in case a redemption was not had the same should be satisfied as a personal judgment. The right of the stone company to redeem is dependent on the action of the plaintiff. Its right to share in the proceeds of the sale of the property has been adjudicated and made certain.

Olson and the stone company by their cross-appeal challenge the correctness of the findings and judgment of the trial court as to the amounts due them respectively as a personal liability against the other defendant. It is urged that the judgment is too small in each instance. We have made a careful examination of the record and find the conclusions reached by the trial court substantially correct. While the several sums from which the

computations are made and the date from which interest is properly·calculated may occasion some slight difference in results, we find no substantial variation, and possibly we are in error in our calculations rather than the trial court. We are satisfied, however, that if there does exist a difference between the true amount and that named in the decree,·it is inconsequential and trifling only.

While there is a finding as to a *pro rata* share of the remittitur, or the increased bid for the property, if we view it as such, as due to Olson, which we are not in accord with, yet the conclusion or result reached as to the accounting between him and Lamb agrees with our view as to the correct balance, and the result being correct, we need not specially concern ourselves as to the process by which it was reached.

The former decision, as we construe it and think it should be from the record in the case, is to the effect that the bid made for the property now owned by the appellant Lamb, and for which the others desire the right of redemption, should be treated as being for $8,001, the excess of which above the prior liens should apply on the liens of the same class belonging to the stone company, to Lamb and to the other two lienors mentioned, *pro rata*, according to the amounts due each; and that the amount due Lamb should be determined by the amounts he had actually paid for the·liens owned by him, rather than the face value thereof. That·such excess should be applied in this manner, giving to the stone company the right to a personal judgment against Lamb for its *pro rata* share, giving to Lamb his *pro rata* share, which reduces to that extent his claim against Olson by reason of Olson's personal liability for the debts; and that to determine such liability the true sum is the actual amount paid by Lamb for the Leavitt and Holmes liens less the amount paid thereon by his purchase of the property as for the sum, $8,001.

The decree is, we think, in all respects correct, in ac-

cordance with the former opinion, and should be affirmed. The parties will have the right to redeem in the order and within the time fixed by the trial court after the filing of this opinion. In case a redemption is had, the district court is authorized to permit supplemental proceedings for the purpose of an accounting between the appellant Lamb and the party redeeming for rents and profits of the property redeemed from the date of the accounting last had in the trial court to the date of such redemption. The decree is, therefore, affirmed, with the time for the right of redemption extended as herein provided for.

JUDGMENT ACCORDINGLY.