JOHN D. TAYLOR, Plaintiff, *v.* CHARLES W. DUTCHER and Others, Defendants.

JAMES V. LAWRENCE, Appellant; WILLIAM P. FIERO, Respondent.

*Mechanics' lienors — what agreement prevents their sharing in surplus money on a mortgage foreclosure sale of the premises.*

Creditors, who had filed mechanics' liens against a building owned by their debtor, executed and delivered to the latter the following agreement:

"We, the undersigned, creditors of and lienors against Charles W. Dutcher and his building at Tuckahoe, hereby severally agree and consent that John D. Taylor may, notwithstanding our respective liens or any others heretofore given by Mr. Dutcher to us or any of us, pay and distribute the balance to the credit of said Dutcher upon the bond and mortgage of said Dutcher to said Taylor, to wit, the sum of $935, as follows: $500 to Lawrence Bros., $175 to Lawrence & Conklin, $200 to Roberts Bros., and that upon said payments respectively we will execute proper satisfactions of our respective liens and deliver same to said Dutcher and relinquish all claim against said Taylor," and accepted payment of the sums mentioned in such agreement.

*Held,* that the creditors ceased to have any status as lienors and were not entitled to any portion of the surplus arising upon the sale of the premises under the foreclosure of the mortgage mentioned in the agreement.

APPEAL by the claimant, James V. Lawrence, from so much of an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of West-

chester on the 20th day of October, 1900, as overruled exceptions taken by him to a referee's report, and directed payment by the county treasurer of Westchester county to the claimant William P. Fiero of the sum of $507.21, with interest.

*Ralph Earl Prime, Jr.,* for the appellant.

*Frederick W. Clark,* for the respondent.

JENKS, J.:

This is an appeal from an order of the Special Term confirming the report of a referee in surplus proceedings supplemental to a sale of the premises of Dutcher under foreclosure of his mortgage to Taylor for $5,000. There are three claimants, of whom only Mr. Lawrence appeals. His claim is based upon a mechanic's lien for $605, filed July 28, 1898. In October, 1898, Mr. Lawrence's firm and George I. Roberts & Brothers, incorporated, executed and delivered to Dutcher the following: " We, the undersigned, creditors of and lienors against Charles W. Dutcher and his building at Tuckahoe, hereby severally agree and consent that John D. Taylor may, notwithstanding our respective liens or any others heretofore given by Mr. Dutcher to us or any of us, pay and distribute the balance to the credit of said Dutcher upon the bond and mortgage of said Dutcher to said Taylor, to wit, the sum of $935, as follows: $500 to Lawrence Bros., $175 to Lawrence & Conklin, $200 to Roberts Bros., and that upon said payments respectively we will execute proper satisfactions of our respective liens and deliver same to said Dutcher and relinquish all claim against said Taylor." There is no dispute that the $500 was paid to Mr. Lawrence. Subsequent thereto these foreclosure proceedings were begun. The learned referee found that the execution and performance prevented Mr. Lawrence from making any claim as a lienor in these proceedings. The surplus moneys stand in the place of the land, and the right of the appellant to share therein must be founded upon some lien thereon existing at the time of the sale. (*Ellis* v. *Salomon,* 57 App. Div. 118, and cases cited.) There is evidence to sustain the finding of the referee, no such preponderance thereof as would justify a reversal upon the facts, while his conclusion is, I think, warranted by the law. I think that when Mr. Lawrence executed

the consent and accepted the payment provided for, he ceased to have status as a lienor, and that, therefore, he cannot be heard as a claimant to the surplus.

The order is affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.