Bank of Benson, appellant, v. W. A. Gordon et al., appellees.

Filed May 4, 1918.   No. 19738.

Appeal: Reversal: Trial de Novo. When the maker and indorser of a promissory note are sued thereon jointly, and defend jointly on the theory that neither of them is liable on the note, and judgment in their favor is rendered in the trial court, which judgment is reversed upon plaintiff's appeal to this court, the action is for trial *de novo*, entitling the defendants, or either of them, to join issue and have adjudicated the question of their rights and liabilities on the note as between each other.

Appeal from the district court for Douglas county: Lee S. Estelle, Judge. *Reversed by Commission. Motion to correct mandate sustained.*

*D. L. Johnston,* for appellant.

*Byron G. Burbank* and *William Baird & Sons, contra.*

Cornish, J.

Motion of Brodegaard Jewelry Stores, Incorporated, to modify and correct judgment herein, in that it leaves as if undecided the question of the corporation's liability on the note sued on.

The suit was upon a promissory note given by the defendant Gordon to the corporation and by it indorsed by one Brodegaard, its president, to the plaintiff. Brodegaard also indorsed the note as an individual. Gordon, maker of the note, the corporation, payee and indorser, and Brodegaard were made defendants. Brodegaard filed no pleadings. Gordon answered, setting up that the note was obtained by fraud; that he supposed he was dealing with the corporation, getting its preferred stock as a consideration for the note; that the note was conditional, it being agreed in writing that he could return the stock and take up his note within a limited period; that the plaintiff bank was not an innocent purchaser; and that the act of Brodegaard,

102 Neb.—31

president of the corporation, in indorsing the note was *ultra vires.* Afterwards the corporation filed its answer, denying liability, and alleging that it was not the owner of the stock sold to Gordon; that it never received anything out of the transaction; that the bank was not an innocent purchaser and holder of the note; that the act of Brodegaard, as president, in indorsing the note was *ultra vires* and not binding upon the corporation. No issues were joined by the defendants as between each other. At the conclusion of the trial separate motions were made by Gordon and the corporation, requesting directed verdicts in their favor, which motions were sustained and verdict directed. These rulings of the court were duly excepted to by plaintiff. Motion for a new trial was made and overruled, and the case appealed to this court; the defendants being made parties to the appeal.

Because the defendant Gordon, neither in the trial court nor in this court, made any affirmative claim that, as between himself and the corporation, the corporation would be liable primarily upon the note, but always contended that neither of them was liable upon the note, and because, further, the judgment of the trial court was in its favor, from which judgment the defendant Gordon did not appeal, it is thought by the corporation that, as between it and Gordon, the judgment of the trial court is final, and that on retrial the defendant Gordon should not be permitted to plead that, as between himself and the corporation, the corporation is primarily liable upon the note. In furtherance of its contention, the corporation also quotes from Gordon's brief in this court, in which he stated that the corporation had no interest in the note and did not accept or indorse it. But, as answered by Gordon in his brief on this motion, "this court, however, held the direct contrary, and because it did so Gordon is held liable on the note." The opinion of this court in reversing the judgment entirely reversed the position of liability as established in the trial court, and the question is

whether, under such circumstances, the parties have a right to proceed to a final determination of the case in the light of this court's interpretation of the rights of the parties to the controversy—whether in such case the order should not be for a trial *de novo*, entitling the parties, or any of them, to make such amendments of their pleadings and introduce such further evidence as to the trial judge would seem right and proper under the rules of law applicable. We are of opinion that such is the rule. These defendants had the right in the first trial, if they thought the law and the facts sustained them in it, to make the common defense that the bank was not an innocent purchaser, and that the act of Brodegaard in indorsing the note was *ultra vires*. They did do this, and the trial court found with them. The fact that they were mistaken in their position, and did not, as codefendants, anticipate possible conflicting claims as between themselves, ought not to prejudice either of them in asserting any rights that he may have under the law as announced by this court. No estoppel by pleading, judgment, or otherwise, has arisen to prevent this, so far as the record before us discloses.

The decisions of a court of justice are presumptively the law. A party to a lawsuit should always be privileged to assume that the judgment of the trial court in which he is willing to acquiesce is just. It would be a sort of contrariness in the law if the party submitting to the judgment, though possibly with doubt and reluctance, must anticipate error. He knows of course that the judgment to which he submits may be wrong. If wrong, however, he can assume a readjudication, and that he will be restored to the position he was in in his relation to all of the parties to the suit at the time the trial was had and the judgment entered. If, in the light of the law as finally determined, he could have asserted rights, as against other parties to the suit, which enter into the final judgment, he should, ordinarily, be permitted to do so. Or, even though he

did in the original trial assert his rights as against other parties to the suit, and the judgment to which he submits was erroneously against him upon such issue, yet upon a new trial he should, ordinarily, be permitted to reassert his rights in accordance with the law as finally announced. We are of opinion that this should be our judgment, even though the corporation had not been made a party to the proceedings in this court. It is no hardship upon the defendant corporation to hold that, when the trial court entered its judgment releasing it from liability on the note, the finality of the decision, as between any of the parties to the suit, is contingent upon whether or not it was the correct decision. It must know that other defendants may not appeal solely because they are satisfied with the decision as it is. The trial should be *de novo;* no question of fact being determined.

It is to be understood that we are discussing only those estoppels which may arise by reason of the pleadings, trial, and judgment, and only those cases where this court does not find it proper to decide the case upon its merits; nor are we discussing the rights of the parties as between each other, except as affected by the rules of pleading and procedure. Such appears to be the rule of procedure as established by this court. In *Badger Lumber Co. v. Holmes,* 55 Neb. 473, the plaintiff was given a mechanic's lien upon part only of the lots which were included in the lien. There were other defendants who had liens upon some of the several lots, all claiming priority of liens. One of the defendants appealed, making the plaintiff only a party to the appeal. This court found error in the trial court's judgment fixing the various liens. This affected the rights of the Badger Lumber Company, so that originally it would have been entitled to liens upon lots not included in the trial court's decree. Those whose liens had been established upon such lots in the original decree contended that, inasmuch as they had not been made parties to the appeal, the original decree was

final in their favor. The trial court on retrial found against them and tried the case *de novo,* giving the various parties liens in accordance with the law as finally announced. On reappeal to this court the final decree of the trial court was sustained; the court holding that, when a cause is "remanded to the trial court for further proceedings, the situation of the plaintiff is precisely the same as if his rights had never been tried."

*Troup v. Horbach,* 57 Neb. 644, and *Olson v. Lamb,* 61 Neb. 484, were suits in equity. We held that, upon the cause being remanded for further proceedings, the trial court may permit a reformation of the issues in a trial *de novo.* In *Troup v. Horbach* the court in its opinion makes the question of permitting further pleadings and evidence depend upon the sound judicial discretion of the trial judge. This no doubt means that the trial court should permit such further pleadings or evidence as may be conducive to justice and conformable to the rules of law and procedure. In 4 C. J. p. 1241, it is said: "Where no principle of estoppel is shown, the fact that the case was previously tried on a different theory does not deprive plaintiff of his right to prove anything material to the controversy." The question of procedure is also discussed at pages 1224, 1227, and 1239.

In the instant case the judgment intended, and the proper judgment, is that the case is reversed and remanded for further proceedings, which means for trial *de novo.* The court has stated the law of the case and the rights and liabilities of the parties only as disclosed by the record before it. Just what the rights of the parties may be upon a new trial, had in conformity with the law announced, we do not attempt to decide at this time, except that it would seem that the trial court, in the exercise of a sound judicial discretion, should permit, if requested, such amendment of the pleadings as may be necessary in furtherance of justice

and proper under the law for the determination of the rights of the defendants as between each other.

Our order should be interpreted as one for trial *de novo*, and not as one intending to finally decide the case upon its merits. The liability of the defendants, either upon the note or as between each other, is determined only so far as the rule of law announced, applicable to the record before us, may determine it. The mandate, in so far as it may appear to fix absolute and final liability upon the defendants, is corrected in that respect.

JUDGMENT ACCORDINGLY.