JOHN CAREY ET AL., APPELLANTS, V. HERMAN ZABEL ET AL., APPELLEES.

FILED APRIL 10, 1924. No. 23661.

Pleading. A contract incorporated into a pleading as part of a cause of action or defense controls allegations which it contradicts.

APPEAL from the district court for Lancaster county: JEFFERSON H. BROADY, JUDGE. Reversed.

Burr, Brown & Dibble and Stewart, Perry & Stewart, for appellants.

Holmes, Chambers & Mann, Hartigan & Fouts, T. S. Allen and H. J. Requartte, contra.

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and GOOD, JJ., and ELDRED, District Judge.

ROSE, J.

This is an action on a promissory note for $8,000, dated August 28, 1°20, due March 1, 1921. Herman Zabel was maker and the States Realty Investment Company payee. Plaintiffs are John Carey and Herbert G. Dyar, who pleaded in their petition that they were purchasers of the note in good faith in the regular course of business for a valuable consideration before maturity, that the payee

indorsed the note and delivered it to them, that they are the owners and holders of it, and that it is unpaid. Plaintiffs alleged further that they presented the note to the indorser and demanded payment at maturity, which was refused. The maker of the note, the indorser thereof, and Edward G. Maggi, receiver of the indorser, are defendants.

Defendant Zabel filed an answer in which he admitted the execution and delivery of the note, alleged there was no consideration for it, and charged plaintiffs with knowledge of this and other defenses at the time of the indorsement pleaded by them in their petition. By general denial of facts not admitted, he put in issue the indorsement of the note to plaintiffs and their ownership of it. The reply amounted to a general denial. After evidence had been adduced by both sides, the trial court directed a verdict in favor of defendants and dismissed the action.. Plaintiffs have appealed.

Did the trial court err in directing a verdict in favor of defendants? There is evidence tending to prove that payee indorsed the note to plaintiffs, delivered it to them, and that they are the owners of it. It follows that the peremptory instruction cannot be justified on the ground that the note was not transferred to plaintiffs or that they do not own it—issues raised by the general denial in the answer of Zabel.

Does the answer state facts constituting a defense to the note itself? This is the principal question presented by plaintiffs. It is alleged in substance by Zabel that the note was given pursuant to a written contract in which the States Realty Investment Company, payee, agreed to sell Zabel a tract of land which it did not own, but which belonged to plaintiffs; that in the sale of the land payee was the agent of plaintiffs; that Zabel was entitled to a deed upon execution and delivery of the note, but did not receive it; that he never received any consideration for the note, and that plaintiffs hold it with notice of the defenses and of..payee's breach of contract; that plaintiffs and payee

refuse to comply with the terms of the sale, and that plaintiffs, while holding the land with knowledge of the facts, are attempting to collect the note. The contract of sale is attached to Zabel's answer and is made a part of it.

The sufficiency of the allegations outlined is challenged on the ground that they are contradicted by the terms of the contract pleaded by Zabel and made a part of his answer. In this connection plaintiffs invoke the rule that allegations of a pleading are controlled by contradictory provisions of a contract incorporated into it.

The contract shows on its face that payee sold and that Zabel bought a tract of land in Perkins county upon these terms: Consideration, $28,800, payable as follows: Cash, receipt acknowledged, $7,500; assignment of corporate stock to vendor, $2,500; credit for indebtedness, $2,800; payable March 1, 1921, $8,000; assumption of mortgage on land purchased, $8,000. The contract discloses that there were considerations for the note in the form of mutual promises, payments and credits; that vendor, the States Realty Investment Company, acted for itself without any intimation that it was agent for plaintiffs; that Zabel was not entitled to a deed upon the execution and delivery of the note dated August 28, 1920, and maturing March 1, 1921, but upon final settlement; that Zabel was entitled to possession immediately after the removal of the present crops, the contract of sale bearing date August 28, 1920. While it is alleged in the answer that the vendor in the contract of sale and the payee in the note did not own the land, there is nothing to show that it did not have a prior, valid, enforceable contract to purchase the land from plaintiffs, which would have been performed, had Zabel complied with the terms of his subsequent purchase. Zabel does not allege that there was fraud or mistake inhering in his contract of purchase; or that he did not take possession of the land after the removal of the crops; or that he offered performance on his part; or that he rescinded his purchase; or that he did not have a remedy by specific performance or by an action for damages. The contract

of sale pleaded by Zabel, therefore, contradicts other parts of his answer to such an extent that nothing is left which can be construed into a defense to the note.  As presented for review, the answer falls within the rule that a contract incorporated into a pleading as part of a cause of action or defense controls allegations which it contradicts.

Since Zabel did not plead any defense to the note itself, there was no answer or competent evidence to sustain a judgment in favor of defendants. The peremptory instruction, therefore, was erroneous.  The judgment is reversed and the cause remanded for further proceedings, with permission to Zabel, if so advised, to amend his answer.

REVERSED.

Note—See Pleading, 31 Cyc. p. 563.