BENJAMIN F. HOLLINGSWORTH, APPELLEE, V. EARL D. MCLEAN, APPELLANT.

300 N. W. 580

FILED OCTOBER 31, 1941. No. 31170.

*Beeler, Crosby & Baskins, Robert B. Crosby* and *Horace E. Crosby,* for appellant.

*Hoagland, Carr & Hoagland, contra.*

Heard before EBERLY, PAINE, MESSMORE and YEAGER, JJ., and FALLOON and ELLIS, District Judges.

FALLOON, District Judge.

This is an action to foreclose a mechanic's lien brought by the appellee against the appellant, individually and as administrator of his father's estate, and the other heirs, representatives and lien holders. The amount claimed was $1,000 and interest and was based upon the installation of an irrigation pump and well upon certain land belonging to the estate, and in which the appellant, Earl D. McLean, had an interest.

The petition alleged that the original agreement was had with the appellant who was managing and looking after the estate of his father, Allan McLean, deceased, that the well was installed about August 1, 1939, and that on September 13, 1939, within the four-month period, a mechanic's lien was filed in Lincoln county, set forth interests of other heirs and mortgagees and prayed for foreclosure of this lien and for marshalling of the assets.

The appellant alleged in his answer that he was the administrator and in control of said estate as such, that appellee installed pump at his own risk, that if the pump and well did not meet appellant's approval, it was to be pulled out and removed from the premises, that it was unsatisfactory, request had been made for its removal and refused, and denied that he acted individually, and acted only as such administrator and asked for dismissal of this action.

It is not necessary to note the contentions of the other defendants, as the decree was not against them and the only appellant is Earl D. McLean, against whom the decree was entered in his individual capacity.

It was stipulated by the other heirs that they would testify that they had no actual knowledge or information as to the arrangements for the construction of the well in dispute, that they did not look after the operation of said lands or authorize the administrator in reference to the construction of this well, nor had they ever approved his action therein at any time afterwards.

The court below decreed that the appellee should recover judgment against the appellant, Earl D. McLean, for the sum of $986, which was the contract price less credit for a check valve, and further decreed that this sum was a first lien against the interest of Earl D. McLean in section 36, township 14 north, range 31, in Lincoln county, and appellee was entitled to marshalling of the assets as against the mortgage liens of record. Both appellee and appellant have appealed.

The evidence is sufficient to sustain the finding of the trial court in regard to the making of the contract, that it was completed, that the pump was reasonably satisfactory, and that the statute had been complied with in the filing of the lien. Nor is there any evidence in the record that would sustain a judgment against the other heirs or the estate.

The evidence discloses that by several letters the appellant agreed to pay the amount claimed by the contract, wanted to pay it from the proceeds of a beet crop, and at those times did not claim pump was unsatisfactory.

Most of the contentions of the appellant in regard to the evidence and law are without merit under the record and will therefore be ignored in this opinion.

The evidence fully sustains the decree unless it is prohibited by law. The appellant has an interest in this property, and the evidence did not disclose how he was acting and, in any event, it would make no difference. He contracted for the irrigation pump and well and the appellee, having furnished it, is entitled to a lien on his interest. The interest of a part owner may be subject to a mechanic's lien for improvements thereon, made at his instance, though

it does not affect the interest of the other coowners. See *Roxbury Painting & Decorating Co. v. Nute,* 233 Mass. 112, 123 N. E. 391, *Ness v. Wood,* 42 Minn. 427, 44 N. W. 313, and *Berglund & Peterson v. Wright,* 148 Minn. 412, 182 N. W. 624.

Whether the appellee checked the county records in Lincoln county to find out what interest the appellant had is of no avail to the appellant in this proceeding, as the fact remains he did have an interest, he entered into the contract, and the lien was filed against him and the property in which such interest was held.

That the appellee, having furnished the material and labor for an improvement upon the real estate, is entitled to a lien for the labor and material upon the interest and title of the appellant with whom he contracted, is so generally accepted through all the holdings of this court that no citation of authorities is necessary. Not only was the court below right in granting such lien against the interest of the appellant, but he was not in error in entering a personal judgment against the appellant. See *Howell v. Hathaway,* 28 Neb. 807, 44 N. W. 1136.

A person, though he may be a representative of others, when he fails to disclose his position, and contracts with another by which a liability is created against him, may be held liable individually thereon, especially where he has an interest in the property affected, even though the persons whom he represents are not themselves liable, and even though the contract deals with property in which those other persons are interested along with himself.

Under both the law and the evidence, the district judge is fully sustained in his findings.

AFFIRMED.