WILLIAM W. GIBSON ET AL., APPELLANTS, CROSS-APPELLEES,
v. KOUTSKY-BRENNAN-VANA COMPANY, APPELLEE,
CROSS-APPELLANT.

9 N. W. (2d) 298

FILED APRIL 23, 1943. No. 31574.

*Crofoot, Fraser, Connolly & Stryker,* for appellants.

*Samuel L. Winters* and *J. J. Krajicek, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

Plaintiffs brought this action in equity praying for an order discharging of record an alleged void mechanic's lien specifically waived by defendant in writing for a valuable consideration; the recovery of a money judgment for the refusal of defendant to release the lien after notice; and such other and further relief as may be just and equitable. De-

fendant answered denying plaintiffs' right to recovery of a money judgment for damages and praying for an accounting of the amount due for material furnished plaintiffs by defendant; foreclosure of the lien; and for such other and further relief as may be just and equitable. Plaintiffs' reply, in addition to a general denial, alleged that, having kept the consideration for the waiver, defendant could not repudiate it.

The trial court entered decree finding, in substance, that defendant, for a consideration of $1,045.12, executed and delivered to plaintiffs a written waiver of its right to a mechanic's lien but notwithstanding thereafter filed a lien in the amount of $790.90; that the lien was void and a cloud on plaintiffs' title; ordered it released and discharged of record; and found that defendant, although given statutory notice, failed to release and discharge the mechanic's lien to plaintiffs' damage in the sum of $250. The court also made an accounting between the parties and found and adjudged that there remained due and owing from plaintiffs to defendant the sum of $790.90 for material furnished, and awarded defendant a personal judgment for $540.90, the difference between the damages suffered by plaintiffs and the amount due defendant, and ordered that each party pay their own costs.

Plaintiffs appeal from the judgment awarded defendant, and defendant cross-appeals from the allowance of damages to plaintiffs. No bill of exceptions was filed, therefore, this court will determine only whether the law and the pleadings sustain the judgment of the trial court. *Wheeler v. Boiler,* 129 Neb. 792, 263 N. W. 123; *Luikart v. Heelan,* 136 Neb. 492, 286 N. W. 780; *Prokop v. Mlady,* 136 Neb. 644, 287 N. W. 55.

Plaintiffs contend that, since they were not parties to their contractor's arrangements with defendant to furnish the material involved, it was error to award a personal judgment against them. The law does not support this contention. The rule is that, where the sufficiency of an answer to support a counterclaim is not questioned until after

judgment, all reasonable intendments should be indulged in support of the pleading. *Sheridan Coal Co. v. Hull Co.,* 87 Neb. 117, 127 N. W. 218.

Plaintiffs' exhibit "A" (defendant's waiver of mechanic's lien), attached to and made a part of their petition, upon which they must rely for any recovery, both as the basis for discharging the lien of record and for the recovery of damages, states unequivocally that defendant was employed by plaintiffs and their contractor to furnish materials for the home erected upon plaintiffs' property.

In *Carey v. Zabel,* 112 Neb. 16, 198 N. W. 169, this court said: "A contract incorporated into a pleading as part of a cause of action or defense controls allegations which it contradicts," or, "which are inconsistent therewith," as in *American Surety Co. v. School District,* 117 Neb. 6, 219 N. W. 583. See, also, *Carson v. City of Hastings,* 81 Neb. 681, 116 N. W. 673; *Shafer v. Wilsonville Elevator Co.,* 121 Neb. 280, 237 N. W. 155; *Gibson v. Dawes County,* 129 Neb. 706, 262 N. W. 671; *Department of Banking v. Flotree,* 135 Neb. 416, 281 N. W. 857.

A party may at any and all times invoke the language of his opponent's pleading, on which a case is being tried, on a particular issue, and in doing this he is neither required nor allowed to offer such pleading in evidence in the ordinary manner. *Provident Savings & Loan Ass'n v. Booth,* 138 Neb. 424, 293 N. W. 293. Statements, admissions and allegations in pleadings, upon which the case is tried, are always in evidence for all the purposes of the trial; they are before the court and may be used for any legitimate purpose. *Bonacci v. Cerra,* 134 Neb. 476, 279 N. W. 173. See, also, 49 C. J. 122. If a defendant desires an affirmative judgment against the plaintiff he should state in his answer the ultimate facts to support his contention. If he fails to allege an essential fact but it is pleaded by his adversary, an affirmative judgment in defendant's favor may be sustained by the pleadings. *Snyder v. Collier,* 85 Neb. 552, 123 N. W. 1023; *In re Estate of Nilson,* 126 Neb. 541, 253 N. W. 675.

By attaching exhibit "A" to their petition, making it a part thereof, and demanding recovery by reason of it, we must find as a matter of law that plaintiffs employed defendant to furnish materials for the house erected on plaintiffs' property. There was privity of contract between them and plaintiffs were personally liable for such materials furnished by defendant.

Section 52-103, Comp. St. 1929, reads in part: "Nothing herein contained shall be taken to prevent the ascertainment by proceeding at law, or otherwise, of the amount actually due for such * * * material * * * ." We have held that on the foreclosing of a mechanic's lien plaintiff may take a personal judgment against the party personally liable for the debt. *McHale v. Maloney,* 67 Neb. 532, 93 N. W. 677; *Maloney v. Johnson-McLean Co.,* 72 Neb. 340, 100 N. W. 423. In *Hollingsworth v. McClean,* 140 Neb. 568, 300 N. W. 580, we said: "Not only was the court below right in granting such lien against the interest of the appellant, but he was not in error in entering a personal judgment against the appellant." Also, in *Durkee v. Koehler,* 73 Neb. 833, 103 N. W. 767: "But we cannot believe that the legislature, which specially provided for a personal judgment in proceedings to obtain the benefit of a mechanic's lien, intended or contemplated that, because the circumstances were such that the claimant was compelled to go into equity or, *as in this case,* was forced into an equity proceeding, he thereby abandoned his right to a personal judgment against the party to whom the labor or materials which entitled him to his lien was furnished." (Italics supplied.) See, also, Dysart, Foreclosures in Nebraska, sec. 174.

Under our Code the chancery practice has been justly so enlarged that an answer in the nature of a cross-petition may properly seek affirmative relief beyond that which is merely defensive, and such relief sought need not necessarily be based on equitable grounds if germane to the original action. *Armstrong v. Mayer,* 69 Neb. 187, 95 N. W. 51; *Leis v. Beckmark,* 133 Neb. 467, 275 N. W. 679. See, also, 1 Pomeroy, Equity Jurisprudence (4th ed.) p. 247. It is

a long-established rule that a court of equity which has obtained jurisdiction for any purpose will retain jurisdiction for the purpose of administering complete relief between the parties with respect to the subject-matter. *Parson Construction Co. v. Gifford,* 129 Neb. 617, 262 N. W. 508; *Robinson v. Dawson County Irrigation Co.,* 142 Neb. 811, 8 N. W. (2d) 179. A prayer for general relief in an equity action is as broad as the pleadings and the equitable powers of the court. *Olson v. Lamb,* 61 Neb. 484, 85 N. W. 397; 21 C. J. 679.

No contention is or can be made that defendant's waiver of a mechanic's lien destroyed its right to recover by whatever remedy available any balance due for material furnished to plaintiffs either before or after the execution and delivery of the waiver. 40 C. J. 367. We conclude that even though the mechanic's lien affirmatively pleaded in defendant's answer failed of foreclosure, the court did not err when it made an accounting between the parties and awarded a personal judgment against the plaintiff owners, they being personally liable for the material furnished by defendant. 40 C. J. 494, 495, 498; 36 Am. Jur. 172, sec. 283; 18 R. C. L. 991, sec. 138; Phillips, Mechanics' Liens (3d ed.) sec. 311.

By failure to appeal therefrom defendant recognizes the validity of the court's decree finding that the mechanic's lien filed was void and a cloud on plaintiffs' title and should be discharged of record, but seeks to avoid payment of damages for its refusal to release upon proper notice. Defendant's claim that no recovery can be had because plaintiffs did not use the word "damages" in their petition but only asked for a money judgment, one-half the amount of defendant's claimed lien, is without merit. The statute itself does not use the word "damages." Section 52-112, Comp. St. 1929, reads in part: "And if such person having received such satisfaction as aforesaid, by himself or attorney, * * * shall not, within ten days after request in writing, lodge a notice (of release) in writing with the clerk, as is prescribed in this section, he or they neglecting or re-

fusing to do so shall forfeit and pay to the party or parties so agreed any sum of money *not exceeding one-half the debt* claimed as a lien on such property, *according to the circumstances of the case,* to be recovered by civil action * * * ." (Italics supplied.)

We are unable to make the distinctions asserted by defendant in connection with the contention that plaintiffs did not come within the terms of the act. Where, by reason of tender, payment or otherwise a mechanic's lien has become satisfied or extinct, but still remains of record and an apparent cloud on the title, the owner may, even in the absence of statutory authority compel its discharge of record when, on request, the lienor refuses to act. 40 C. J. 327. In *Deering & Co. v. Miller,* 33 Neb. 654, 50 N. W. 1056, involving a statute similar in many respects, except that it applied to mortgages and provided for payment of a penalty for refusal or neglect to release, this court said: "The property of a debtor should not be clouded with apparent encumbrances when they in fact no longer have any validity, and in a proper case there is no doubt of the right of a party to recover for a failure to perform this duty. The statute is merely cumulative and provides a penalty for the failure for a certain number of days to perform the duty, but it does not prevent a recovery for actual damages."

Defendant's all-inclusive waiver was in fact an unconditional agreement to look only to the personal responsibility of the owner or contractor and not to the property. *Brown v. Williams,* 120 Pa. St. 24, 13 Atl. 519. Defendant was paid the consideration which it has at all times since retained, thereby receiving satisfaction to the extent that nothing could ever be due thereafter by reason of a mechanic's lien. *Day & Frees Lumber Co. v. Bixby,* 4 Neb. (Unof.) 154, 93 N. W. 688; *White Lake Lumber Co. v. Stone,* 19 Neb. 402, 27 N. W. 395. By accepting and retaining the consideration defendant's status as an actual or potential lienor ceased. *Taylor v. Dutcher,* 60 App. Div. 531, 69 N. Y. Supp. 951; 40 C. J. 340, 341. The lien no longer

exists but has gone as completely as though satisfied and paid in full. *Sheets v. Prosser,* 16 N. Dak. 180, 112 N. W. 72. Nevertheless defendant violated the agreement, filed a mechanic's lien, and upon statutory notice given refused to release it.

The right of plaintiffs to demand release of the mechanic's lien is not a doubtful or disputed question as the record comes to this court. Plaintiffs did not seek to recover a penalty, as defined in *Department of Banking v. McMullen,* 134 Neb. 338, 278 N. W. 551, or as involved in *Bangs v. Gray,* 60 Neb. 457, 83 N. W. 680, and *Sheets v. Prosser, supra.* There is no provision for a penalty in the statute involved and we are not required to apply a strict construction as claimed by defendant.

The trend of all recent decisions is to hold that mechanic's lien statutes are cumulative and remedial in nature requiring a liberal construction so as to effectuate their objects and purposes and protect *all claimants* within their scope as well as to promote substantial justice. 40 C. J. 51, 367. See, also, 36 Am. Jur. 149, sec. 234; Dysart, Foreclosures in Nebraska, sec. 147.

The trial court awarded plaintiffs $250 damages and in the absence of a bill of exceptions the amount cannot be questioned, because the presumption is that it was supported by the evidence. *Prokop v. Mlady, supra.*

Cases relied upon by defendant to establish that section 52-112, Comp. St. 1929, is unconstitutional by reason of permitting an award of punitive or exemplary damages are not applicable here. The enactment is a cumulative statute, remedial in nature, which permits recovery of actual damages in a civil action but limits the amount of such damages to one-half the amount of the claimed lien. The presumption is that the statute is constitutional. We find nothing in the act itself and no authority has been cited or found requiring us to hold otherwise.

The law and the pleadings sustain the judgment of the trial court. We find no error in the record, and the judgment is affirmed.

AFFIRMED.