LOGAN ENYART, APPELLEE, v. W. F. MORAN ET AL., APPELLANTS.

FILED APRIL 2, 1902.   No. 11,513.

Commissioner's opinion, Department No. 2.

1. **Judgment:** POWER TO SET ASIDE: JUDICIAL DISCRETION. The district court has power to set aside, change or modify its judgments during the term at which they are rendered. An application to set aside a decree and allow the introduction of evidence upon a technical point, is addressed to the discretion of the court, and error can not be predicated upon the ruling thereon.

2. **Quitclaim Deed:** INNOCENT PURCHASER: ACTUAL KNOWLEDGE OF UNRECORDED LIEN. A purchaser of real estate, who takes his title by quitclaim deed, with actual knowledge of the lien of an unrecorded mortgage thereon, and who shows by his answer that he had actual notice thereof, and caused inquiry to be made as to the amount of the lien, can not afterwards claim that he is an innocent purchaser for value.

3. ——: ——: ——: MISTAKE. Such purchaser, having requested a third person, not the agent of the lien holder, to ascertain the amount due upon the mortgage, can not defeat a recovery of any portion of the mortgage debt on account of a mistake as to the amount of the lien, made by such third person.

4. **Evidence:** DECREE: FINDING: MORTGAGE DEBT: PROCEEDINGS AT LAW. Evidence examined, and *held* sufficient to sustain the decree. *Held*, also, that where there is sufficient evidence to show

30

*prima facie* that no proceedings have been had, or commenced at law, to recover any portion of the mortgage debt, and where such evidence is not disputed, the finding of the court thereon will be sustained.

APPEAL from the district court for Otoe county. Heard below before JESSEN, J. *Affirmed.*

*W. C. Sloan* and *W. F. Moran,* for appellants.

*E. F. Warren* and *L. F. Jackson, contra.*

BARNES, C.

The appellee filed his petition in the district court of Otoe county to foreclose a mortgage given by one Julia G. Edwards (now known as Mrs. Yager) to one Emma Morton to secure the payment of a promissory note for the sum of $350, with interest at 7 per cent. per annum. The mortgage covered lot No. 6, in block No. 109, in Nebraska City proper. The petition was in the usual form, and alleged that William F. Moran had some interest in the premises, and that Maude Moran, his wife, had an inchoate dower right therein, but that the right of the appellee was paramount thereto. The appellee took the mortgage from Emma Morton by assignment, and the note by proper indorsement, all of which was duly alleged in the petition. The answer of appellant, W. F. Moran, was, in substance, that he was the owner in fee of the premises described in the mortgage; that Maude Moran is his wife. The answer also denied each and every allegation in said petition not admitted to be true. The answer further alleged that Julia G. Edwards (now Mrs. Yager) was the owner of the undivided three-fourths interest in the said premises; that on May 14, 1898, she conveyed all her right, title and interest in the premises to one Frank Gameral, and that said deed was duly recorded in the deed records of Otoe county on May 18, 1898; that on May 16 Frank Gameral conveyed the said premises to the appellant; that, before purchasing said premises, appellant made diligent search

of the records of Otoe county, Nebraska, to ascertain if
there were any liens or incumbrances against the same;
that the records of said county showed said premises clear
of all liens and incumbrances; that the mortgage sought
to be foreclosed was not recorded, and was not filed for
record until August 29, 1898, more than three months after
purchase of the property by appellant, and more than five
years after its execution; that the appellee had due notice
thereof, and took the mortgage subject to any and all
equities that the appellant Moran had; and that said mort-
gage was inferior and subsequent to the rights of the ap-
pellant. Appellant further alleged that he had no knowl-
edge of the existence of the mortgage at the time he pur-
chased the premises, and was an innocent purchaser for
value, without notice of any lien. Appellant also alleged
that he negotiated the purchase of the land through one
L. F. Jackson, who informed him that J. Sterling Morton
had some lien on the land, and thereupon appellant stated
that he would have nothing to do with said land until the
amount of said lien was ascertained; that afterwards, J.
Sterling Morton left a memorandum with Jackson which
Jackson informed him stated that the lien was $70; that
appellant, relying on the statement so made by Jackson,
purchased Julia G. Yager's three-fourths interest in said
real estate, and paid the agreed price therefor, reserving
the said $70 to extinguish the said lien; that soon there-
after Jackson informed appellant that the lien was not
in favor of J. Sterling Morton, but was in favor of Emma
Morton, and that the amount of the lien was $170; that
on the 31st day of December, 1898, appellant tendered the
sum of $73.25 (that amount being the $70 and interest
thereon from the date of said memorandum), which tender
was refused; that said lien was not of record, and that he
had no means of knowing what the amount of the lien was,
except as stated in the memorandum; that the transfer to
the appellee took place long after said note and mortgage
were due; that appellee had full knowledge of the appel-
lant's equities; and that the equities of appellant were

superior and prior to those of the appellee. The reply was a general denial. On February 10, 1900, a trial was had, and a decree was rendered in favor of the appellee, and was filed that day. On February 12, 1900, appellee filed a motion to withdraw the rest, and for leave to introduce evidence to support the allegation in the petition that no proceedings at law had ever been had or commenced for the collection of the debt secured by the mortgage. Notice of this motion was given to the appellant, who appeared and resisted the application. The court allowed the rest to be withdrawn, and set aside the decree. Thereupon appellee introduced his evidence in support of the allegation mentioned, and the court again found in his favor. The amount found due was $200.74, and a decree was rendered in the usual form for the foreclosure of the mortgage. The appellant thereupon brought the case to this court for review. Four propositions are contended for as grounds for a reversal of the judgment of the district court.

1. It is claimed that the court erred in sustaining the motion of the appellee to withdraw the rest, and allow him to introduce testimony in support of the allegation, that no proceedings at law had been had, or commenced for the recovery of the mortgage debt. It goes without saying that the court has full power to vacate, correct or modify its own judgments during the term at which they are rendered. This contention therefore reduces itself to the one question: Was it an abuse of the discretion of the court to sustain the motion of the appellee to set aside the rest, and allow further proof on a purely technical point? The appellant, in his brief, has suggested nothing to show that the court abused its discretionary powers. No authorities are cited in support of his contention, and we therefore hold that the matter was within the power and discretion of the court; that there was no abuse of such discretion, and there was no error in sustaining the motion.

2. The second proposition contended for is, that the appellant is an innocent purchaser for value, and without

notice; that he took the property stripped of any and all liens thereon. This contention can not be maintained, because appellant pleads a knowledge of this lien before and at the time he purchased the property in question, and this is a sufficient answer to the second assignment of error.

3. It is contended that if appellant did not take the property as an innocent purchaser for value, free and clear of any and all liens, then he took it subject only to a lien of $70. Appellant claims that he exercised due diligence to ascertain the amount of liens upon the premises before he purchased the same. The testimony shows, however, that when he was informed by Jackson, who was the agent of the vendor, Mrs. Yager, that there was a lien upon the premises, known as the "Morton lien," he instituted no sufficient inquiry to ascertain the amount of it. It is shown that the only person he inquired of was Mr. Jackson; that Jackson was not the agent of J. Sterling Morton, or of Emma Morton, or of the appellee. If Jackson acted in the capacity of agent for any one he was the agent of the appellant to make this inquiry and ascertain the amount of the lien. He inquired of J. Sterling Morton as to the amount of this lien, who stated that he would ask his sister, Emma Morton, who was the owner of the mortgage, what amount was due thereon. It appears that afterwards J. Sterling Morton, without comment, handed him a memorandum which showed the true amount to be $170, but, in reading it, Jackson made a mistake, and informed the appellant that the amount of the lien was $70; that thereupon appellant purchased the property, and had it conveyed by quitclaim deed to Gameral, who in turn quitclaimed it to him. It is further shown that appellant never saw the memorandum; that he knew nothing about it except what Jackson told him, who, as soon as he ascertained his mistake, informed appellant of that fact. Afterwards the mortgage was recorded, it not having been recorded prior to the purchase of the premises by the appellant. Some time after that, it was sold and assigned to the appellee, who commenced the foreclosure proceedings. The

court found in favor of the appellee, and rendered a decree for the true amount due and unpaid upon the note and mortgage. And the question is, does the evidence sustain the findings and decree? There was practically no dispute as to the facts in the case. The court seems to have held that the appellant had actual notice of the mortgage lien at the time he purchased the premises in question; that the mistake in the amount thereof was not the fault of the holder and owner of the mortgage lien, nor of the appellee; that it was simply the mistake of Jackson, whom the appellant had requested to ascertain the amount of the mortgage lien for him, which in no manner affected the rights of the lienholder, and therefore rendered a decree for the true amount due the appellee.

4. It is further contended that the evidence was not sufficient to support the finding that no proceedings at law had been had or commenced to recover the debt secured by the mortgage. An examination of the record shows that the evidence established that fact, at least *prima facie.* No proof having been introduced to dispute it, we hold that the evidence was sufficient to sustain that particular finding. Under the well-established rule that where there is any competent evidence to sustain the findings and decree of the trial court in an equity case a court of review will not disturb them, we are constrained to hold that the evidence was sufficient to sustain the judgment and decree of the district court. We therefore recommend that the same be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the decree and judgment of the district court is

AFFIRMED.