Durkee v. Koehler.

## CHARLES T. DURKEE V. GUSTAVE KOEHLER.

FILED MAY 17, 1905.   No. 13,796.

1. **Mechanics' Liens.** Section 4 of the act relating to mechanics' and laborers' liens contemplates a judgment in an action brought thereunder giving the plaintiff the benefit of his lien and a sale of the property therefor.

2. **Foreclosure: DEFICIENCY JUDGMENT.** Where the holder of a mechanic's lien commences an action in equity to foreclose the same, or where he is made defendant in a chancery proceeding involving the property against .which he holds such lien and his lien is foreclosed in such action, he is entitled to a deficiency judgment against the party liable for the debt, where a sale of the property does not satisfy the amount of his claim, if his petition or cross-bill asks such relief. *Commercial Nat. Bank v. Grant, ante,* p. 435.

3. **Limitation of Action.** In such case the application for a deficiency judgment should be made within the time that the statute would bar an action on the note or account on which' the lien is based, counting from the date of confirmation of the sale of the property.

ERROR to the district court for Hall county: JOHN R. THOMPSON, JUDGE. *Reversed with directions.*

*F. Dolezal,* for plaintiff in error.

*W. H. Thompson, contra.*

DUFFIE, C.

In an action to foreclose a mortgage on what is known as the Koehler Hotel property in the city of Grand Island, Charles T. Durkee and more than twenty other lienholders were made parties defendant. Durkee filed an answer and cross-petition showing that he had furnished certain material and done labor in the erection of the hotel, and had taken the necessary steps to secure a mechanic's lien therefor. He asked that the amount due him be ascertained; that the property be sold and the proceeds applied to the satisfaction of his lien, and that he have personal

56

judgment for any deficiency. A decree was entered in
the case on February 29, 1896, which, among other things,
established the lien of Durkee, but placed him in the
third class. An appeal was taken, and the judgment of
the district court affirmed. See *Grand Island Banking
Co. v. Koehler*, 57 Neb. 649. The decree of the district
court did not contain any finding on the question of the
right of any of the lienholders to a personal judgment
against Koehler in case of a deficiency, and but two or
three of the lienholders asked for such a finding. The
property was sold June 14, 1900, and the proceeds of the
sale distributed among the lienholders having priority over
Durkee. The sale was confirmed June 30, 1900, and on
October 31, 1902, Durkee filed a motion for a deficiency
judgment, which was overruled by the court by an order
entered December 14, 1903, from which order Durkee has
appealed to this court.

It is insisted by the appellee, and the district court ap-
parently proceeded upon the theory, that a deficiency
judgment could not be entered against the owner of the
property upon the foreclosure of a mechanic's lien by ac-
tion brought upon the chancery side of the docket. It is
said in brief of appellee that "our statute governing me-
chanics' liens provides but two modes of enforcement:
First, under section four, to obtain a judgment on the ac-
count in civil action, continuing the lien and sequestering,
by reason thereof, the rents and profits of the lands; and,
second, by a petition in chancery as in other cases of liens;
that, the plaintiff in error having elected to pursue the
course in chancery, he is not entitled to a personal judg-
ment against the defendant, but simply to a decree find-
ing the amount due, ordering a sale of the property, and
application of the proceeds, as is the practice in such
courts." We are not inclined to agree with the appellee
in this position. An examination of the statute relating
to mechanics' liens clearly shows, as we think, the inten-
tion of the legislature to allow a personal judgment
against the owner of the property on which the lien is

claimed for the amount due upon the account of the lien-holder, whatever the proceedings taken to enforce the lien.

Section 1, article I, chapter 54, Compiled Statutes, 1903 (Ann. St. 7100), the act giving mechanics' and laborers' liens, defines who are entitled thereto and for what a lien may be claimed. Sections 2 and 3 provide the proceedings to secure a lien. Section 4 is as follows: "Every person holding any lien under this chapter may proceed to obtain a judgment for the amount of his account thereon by civil action. And when any suit or suits shall be commenced on such accounts within the time of such lien, the lien shall continue until such suit be finally determined and satisfied." When we consider that courts of equity have no power to enforce this statutory lien unless expressly authorized by law, or unless, perhaps, there exists some impediment or difficulty which would render the remedy given by the statute unavailing, it seems to us clear that section 4 was designed by the legislature as one of the methods of enforcing the lien given by the statute and by a sale of the property. The general rule is that when, by the statute, a new right is given and a specific remedy provided, or a new power and also the means of executing it are provided by statute, the power can be executed and the right vindicated in no other way than that prescribed by the statute. *Coleman v. Freeman,* 3 Ga. 137; *Quimby v. Sloan,* 2 E. D. Smith (N. Y.), 594, 615; *Otley v. Haviland,* 36 Miss. 19; Phillips, Mechanics' Liens (3d ed.), sec. 2.

A statute of Wisconsin, substantially like section 4, was given this construction by the supreme court of that state in *Dewey v. Fifield,* 2 Wis. 55. The court said:

"The statute under which the suit was brought, creates a lien upon any building erected, in favor of any person who shall perform labor upon it, or who shall furnish materials used in its construction, and provides a mode in which the lien can be enforced. The statute also creates a lien upon the interest of the owner of the building in the

land upon which it is situated, not exceeding one acre, if within the limits of any city, town or village plat, and not exceeding forty acres, if without those limits.   In order to enforce the lien, a 'petition or claim for the same' must be filed, and an action instituted within one year from the time the work was done, or the materials were provided. The 8th section of chapter 120, above referred to, is as follows: 'In all cases of lien created by this act, the person having a claim filed in accordance with its provisions, may proceed to recover it by personal action against the debtor, his executors or administrators, or, when the plaintiff is a subcontractor, by a *scire facias* against the owner of the building.'   In this case, the plaintiff brought an action against the debtor, who was the owner of the dwelling house.   By the words 'personal action,' as used in the section of the statute above quoted, we do not suppose the ordinary action *in personam* for recovery of a sum of money or damages, against the debtor, is intended, because such an action is not at all calculated to give the plaintiff the relief which the statute provides.   The judgment in such an action would bind the real estate of the debtor only from the time it was rendered, whereas he seeks to make the building, and the interest of the owner of it in the land upon which it is situated, liable from the time the labor was performed, or the materials were provided.   But we think that while the action is personal, it must be adapted to the object to be accomplished; the declaration should therefore contain the necessary averments to show not only that a sum of money is due the plaintiff, but that the debt was created by the performance of labor upon, or materials furnished for the building; it should state, also, that the claim or petition was filed within the time limited by the statute, and it should contain a description of the building, and of the premises upon which it is situated.   All these facts are material, and unless they are all proved on the trial, the plaintiff cannot obtain a judgment under the statute.   The declaration is in all cases a statement 'of the facts upon which the plaintiff relies, and

must allege all the circumstances necessary for the support of the action."

This is not only a satisfactory construction of such a statute, but the only construction which, in our judgment, will carry into effect the intention of the legislature.   The claimant, in proceeding under the provisions of section 4 of our mechanics' lien law, sues upon his account, alleging at the same time the facts which entitle him to a mechanic's lien upon the property of the defendant, and the judgment should be for the amount found due, with an order for a sale of the property, the proceeds to be credited upon the judgment much as is the case in an action where property has been attached.   This view is strengthened by other provisions of the act, section 5 providing for the completion of the building by the workmen in cases where the owner has suspended work thereon, and section 6 providing for a lease of the building by the court where the title of the owner is defective.   Section 7 is in the following language: "In all other cases of judgment or judgments obtained in favor of any lienholder or lienholders, if the property bound by such lien will not sell on execution as provided by law in other cases having been once duly offered, the court before whom such judgment or judgments may be obtained may direct the officer aforesaid to lease the same in the same manner and for the same purpose pointed out in the preceding section, and the officer giving such lease shall therein require the payment to be made to him or his successors in office," etc.   To our minds this section clearly contemplates offering the property for sale to satisfy any judgment that may be obtained under the provisions of section 4 above quoted, and the lien of such judgment dates from the time that the labor or material for which the lien is given was furnished.   Thus far the statute clearly contemplates a personal judgment against the party to whom the labor or material was furnished, but the legislature undoubtedly understood that many cases might arise in which it would be necessary for a court of equity to adjust and determine the priority

existing between mortgage and other liens existing on the property against which mechanics' liens were filed, and by the provisions of section 14 of the act it was provided: "Any person who shall hold a lien under the provisions of this chapter may, in addition to the remedy herein provided for, proceed by a petition in chancery as in other cases of liens against the owner or owners of, and all other persons interested, either as lienholders or otherwise, in any such house, mill or manufactory, or other building or appurtenance, in the first section of this chapter mentioned, and the lot or lots of land on which the same shall stand, and obtain such final decree therein for the rent or sale thereof, as justice and equity may require, anything in this chapter to the contrary notwithstanding."

It is insisted by appellee that where the claimant proceeds under this section of the statute he is not entitled to a personal judgment against the owner of the building, and that the only relief he may have in such an action is to obtain a decree for a sale of the property, the proceeds to be credited upon the amount of his claim. This view is supported by a brief which contains a collection of the authorities, and in which the position taken is strongly urged. It is true that under the old chancery practice no personal judgment in an action to foreclose a mortgage could be had in the foreclosure proceedings unless provided for by statute or a rule of the court, and it is probably true that our statute prior to 1897 recognized this as the prevailing rule in foreclosure proceedings, by providing that a deficiency judgment might be entered against those liable therefor upon the confirmation of the sale and it being ascertained that a deficiency existed, and by the act of 1897 which repealed that provision of the statute relating to foreclosures of real estate mortgages. But we cannot believe that the legislature, which specially provided for a personal judgment in proceedings to obtain the benefit of a mechanic's lien, intended or contemplated that, because the circumstances were such that the claimant was compelled to go into equity or, as in this case,

was forced into an equity proceeding, he thereby abandoned his right to a personal judgment against the party to whom the labor or material which entitled him to his lien was furnished. The chancery proceeding under section 14 of the act is, in the language of the section, an additional remedy, and by adopting it, or, as in this case, by being brought into it by another lienholder, the party is not deprived of any right or benefit which the proceeding under section 4 would give him. The better practice undoubtedly would be to ask for a personal judgment for the amount of his account and for the court to enter such judgment in the first instance; but we cannot say that the claimant in this case, by failing to ask for a personal judgment in the first instance and in asking the court to enter such a judgment after it was found that the property would not sell for enough to satisfy his claim, waived his right to have such judgment entered in his favor. He prayed for a personal judgment, and the fact that such judgment was not asked to be entered until after a sale of the property, and the amount of the deficiency had been ascertained, does not, in our opinion, deprive the court of jurisdiction to enter such judgment after a sale of the property, and after the amount of the deficiency has been ascertained. This being so, the only question remaining is the time within which an application for such deficiency should be made.

In *Weir v. Field*, 67 Miss. 292, it was held:

"Under section 1935, code 1880, which provides that upon confirmation of the sale of property sold under decree of foreclosure the chancery court upon motion of complainant may render a personal decree against a defendant for the balance found by the record to be due, the right to move for such personal decree is not confined to the term at which the sale is confirmed, but may be exercised at any time before the decree becomes barred by limitation."

In this state a decree of foreclosure is not barred by limitation, and the question of when an application for a

deficiency judgment must be made has not been determined. That it cannot always be made at the same term at which a sale is confirmed is apparent from the fact that many sales are confirmed by the judge in vacation. The right to the judgment where-it exists accrues upon the confirmation of the sale, and, following by analogy the rule adopted by the Mississippi court, we are of the opinion that, if a deficiency is moved for within the time within which the claim out of which the deficiency grows would be barred after confirmation of the sale, it is within sufficient time.

We recommend the reversal of the order appealed from, and that the cause be remanded to the district court, with directions to enter a judgment for the appellant for the amount found due him on the foreclosure proceedings, with interest and costs.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order appealed from is reversed and the cause remanded to the district court, with directions to enter a judgment for the appellant for the amount found due him on the foreclosure proceedings, with interest and costs.

REVERSED.