WILLIAM POCHIN, APPELLEE, V. FRANK N. CONLEY ET AL.,
    APPELLEES, IMPLEADED WITH V. E. JAKWAY, APPEL-
LANT.

FILED SEPTEMBER 20, 1905.    No. 13,893.

1. **Mortgage:** DEFICIENCY JUDGMENT: LIMITATION. An application for
   a deficiency judgment should be made within the time that the
   statute would bar an action on the note secured by the mortgage
   on the foreclosure of which the deficiency arises, the statute com-
   mencing to run from confirmation of the foreclosure sale.

2. **Married Women:** MORTGAGE. A married woman is not bound by the
   covenants in a deed or mortgage, where she joins with her hus-
   band in making the same for the sole purpose of releasing her
   dower interest. Comp. St. 1903, ch. 73, sec. 48.

APPEAL from the district court for Custer county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*R. A. Moore,* for appellant.

*C. L. Gutterson, Charles H. Holcomb* and *Moore &
Ledwich,* contra.

DUFFIE, C.

Nels Anderson, one of the defendants, purchased 160
acres of land in Custer county from one Mary G. Thorn-
burg in June, 1892, for $1,600. At that time there was an
$800 mortgage on the land in favor of the Globe Invest-
ment Company, which mortgage was deducted from the
purchase price. Anderson paid Mrs. Thornburg $500 in
cash and gave a second mortgage on the land for $300 to
secure the balance of the purchase money. The $800
mortgage given to the Globe Investment Company was
transferred to William Pochin, who commenced fore-
closure proceedings thereon and obtained a decree on
December 3, 1896. The $300 mortgage given to Mrs.
Thornburg was by her transferred to the appellant, Mrs.
Jakway, who was made a party defendant in the fore-
closure action commenced by Pochin. The decree found

that there was due on the mortgage held by Pochin $946.-
66, and on the mortgage held by Mrs. Jakway, $391.50.
An order of sale issued on this decree and the land was
sold in June, 1898, and the premises bought in by William
Pochin, plaintiff in the action, for $600. The proceeds of
the sale being insufficient to satisfy the decree in favor
of Pochin, of course there was nothing to apply on the
second lien of Mrs. Jakway. This sale was confirmed by
an order of the district court entered on June 21, 1898,
and the sheriff ordered to make a deed to the plaintiff,
Pochin. The sheriff's deed was made October 29, 1898.
On July 24, 1903, Mrs. Jakway filed in the district court
for Custer county what is termed an "application for
judgment and supplemental answer"; this paper being
entitled the same as the foreclosure proceedings com-
menced by Pochin. In this application and supplemental
answer Mrs. Jakway alleges all of the matters above set
out, and states further that, the Pochin mortgage having
been deducted from the purchase price of the land at the
time Nels Anderson bought from Mrs. Thornburg, he was
in duty bound to pay the same; that he and his wife, Clara
Anderson, for the purpose of defeating the mortgage held
by Mrs. Jakway and depriving her of her security, per-
mitted Pochin to foreclose his mortgage, and after the
decree and sale, but before the making of the sheriff's
deed, Mrs. Anderson took from him a quitclaim deed,
which, it is alleged, amounts to nothing more than a re-
demption from the sale. The prayer is that personal
judgment may be entered against both Nels and Clara
Anderson for the amount found due her by the decree in
the Pochin foreclosure, and that the judgment be made a
special lien upon the mortgaged premises. Both Nels and
Clara Anderson filed answers, and by a lengthy reply
filed by Mrs. Jakway the facts are set out more in detail;
the theory being that, Mrs. Anderson having joined with
her husband in the mortgage given to Mrs. Thornburg,
she is now estopped by the covenants therein from setting
up title to the land as against that mortgage. It is fur-

ther claimed that the money paid Pochin for the quit-claim deed was principally furnished by Nels Anderson, and that he is the equitable owner of the land. A decree went in favor of the Andersons, and Mrs. Jakway has brought the case here by appeal.

Among other defenses interposed by the Andersons was the statute of limitations, but the decree entered does not show what view was taken by the district court' of that defense. Whether Mrs. Jakway in her answer in the Pochin foreclosure action asked for a deficiency judgment against Nels Anderson, who alone signed the note secured by Mrs. Jakway's mortgage, does not appear, but the presumption is that no such relief was asked, the fore-closure decree not making any reference to such a claim made either by Pochin or by Mrs. Jakway. We have, then, this case: A decree of foreclosure entered in De-cember, 1896; a sale under that decree which was con-firmed in June, 1898; a deed from the purchaser to Mrs. Anderson after the confirmation, but before the execution of the sheriff's deed. The confirmation of the sale de-vested Nels Anderson of his title to the property, and, while the sheriff's deed was not executed until October, 1898, he still became the equitable owner of the land upon the confirmation of the sale. *Lamb v. Sherman,* 19 Neb. 681; *Yeazel v. White,* 40 Neb. 432. The sale and the con-firmation satisfied the Pochin decree to the extent of $600, the amount bid upon the land, and we do not see how it can be claimed that redemption from the decree could thereafter be made. After the sale to Pochin was com-pleted by confirmation, he could sell his interest in the land, and Mrs. Anderson had the same right as any other to make the purchase. If the money was furnished by her husband, that fact might be established in a proper action and the land subjected to the satisfaction of any judgment against him; but it does not appear that Mrs. Jakway is a judgment creditor. Upon confirmation of the sale she was entitled to a deficiency judgment against Nels Anderson, who alone signed the note secured by her

mortgage; but no judgment has yet been established against him for a deficiency, and, if we treat the pleading in this case as an application for such judgment, the defense of the statute of limitations was interposed and ought to be sustained.

In *Durkee v. Kochler*, 73 Neb. 833, it was held that an application for a deficiency judgment should be made within the time that the statute would bar an action on the note or account on which the lien is based, counting from the date of confirmation of the sale of the property. More than five years from confirmation having elapsed before the filing of this supplemental answer, the right to a deficiency judgment is barred by the statute, and the court properly dismissed the application. Mrs. Anderson is not estopped by the covenants in the mortgage held by Mrs. Jakway. She did not hold title to the mortgaged premises at the time it was given, but joined with her husband only for the purpose of releasing her dower. By section 48, chapter 73, Compiled Statutes 1903 (Ann. St. 10251), it is provided that "a married woman shall not be bound by any covenant in a joint deed of herself and husband," and, while it has been held that this statute was abrogated by the married woman's act, so far as it attempted to release her from covenants made in a conveyance of property held in her own right and in which her husband joins, the statute is still effective to protect her her against covenants contained in a deed in which she joins with her husband in a conveyance of property owned by him for the sole purpose of releasing her dower interest.

The decree of the district court was correct, and we recommend its affirmance.

JACKSON, C., concurs. ALBERT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.