FRED BARTELS, APPELLANT, V. CARL MEYER ET AL.,
APPELLEES.

285 N. W. 698

FILED MAY 5, 1939. No. 30557.

*Russell W. Bartels,* for appellant.

*C. H. Hendrickson* and *Burr R. Davis, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

This is an appeal from an order denying plaintiff's motion for a deficiency judgment in a foreclosure suit.

The note and mortgage were dated February 24, 1930. Default occurred March 1, 1934, and foreclosure was instituted on August 23, 1934. Decree for $15,540 and interest was entered on March 19, 1935. Sale was held on January 27, 1936, and plaintiff bid in the property for $14,000. Confirmation was duly had on March 12, 1937,

and sheriff's deed was issued. On May 23, 1938, plaintiff filed a motion for a deficiency judgment.

It does not appear from the record on what theory the trial court denied plaintiff's motion.

It could not properly be denied on the basis of chapter 41, Laws 1933 (Comp. St. Supp. 1937, sec. 20-2141), depriving an equity court of jurisdiction to render a deficiency judgment in a mortgage foreclosure suit, because that statute has been held, a number of times, to have no application to mortgage obligations created prior to its enactment. The latest expression is in *Vlazny v. Dittrich, ante,* p. 266, 285 N. W. 697.

The fact that the application was made more than a year after confirmation also would be no sound reason for its denial. A deficiency judgment may be entered at any time within five years from the confirmation of sale. *Pochin v. Conley,* 74 Neb. 429, 104 N. W. 878; *Durkee v. Koehler,* 73 Neb. 833, 103 N. W. 767.

Defendant contends that, unless a deficiency judgment is rendered at the time of confirmation, it cannot thereafter be done, except by the institution of an independent action. The practice of entering a deficiency judgment, however, on motion, in the original foreclosure suit, at any time within the limitation period, has long been recognized in this state. *Durkee v. Koehler, supra.*

It is further contended that the right to a deficiency judgment in this case was barred by a stipulation made at the time of confirmation. Defendant was indebted to plaintiff's brother, an attorney, for fees, in the sum of $160, and it was agreed that, if he would make payment thereof by March 1, 1938, plaintiff would, "at the time such payment is made, release and dismiss any claim that he might have for a deficiency judgment." This was not a release of the right to a deficiency judgment, but merely an agreement to release such right if the $160 were paid to plaintiff's brother by March 1, 1938. The sum was never paid or tendered, and the agreement did not bar the right to have a deficiency judgment entered, after March 1, 1938, in the regular manner.

Defendant raises one other point. He contends that the appeal was not perfected within three months from the date of the trial court's order, and that this court therefore is without jurisdiction. The record shows that the trial court originally entered an order denying the motion for a deficiency on June 8, 1938. Plaintiff thereafter filed a motion to vacate the order and for leave to offer additional evidence. On August 25, 1938, which was during the same term, the court sustained plaintiff's motion, vacated its previous order, and permitted plaintiff to offer further evidence. At the close of the hearing, however, it entered an order, again denying the deficiency judgment.

Defendant argues that an appeal to this court was required to be perfected within three months from June 8, 1938, and that the order of August 25, 1938, could not operate to extend the time. He relies on the proposition that the trial court may not extend the time for an appeal by vacating and reentering the same judgment, and cites *Dimmel v. State*, 128 Neb. 191, 258 N. W. 271. That rule is not applicable here. The motion to vacate and the order entered thereon were not made for purposes of subterfuge, but to permit plaintiff, in good faith, to offer additional evidence, bearing on the right to a deficiency judgment. The district court has discretionary power, in furtherance of justice, to vacate a decree at the same term, for the purpose of allowing additional evidence to be introduced, and error cannot ordinarily be predicated upon its ruling. *Enyart v. Moran*, 64 Neb. 401, 89 N. W. 1045.

The order of the district court is reversed and the cause remanded, with directions to enter a deficiency judgment, in accordance with plaintiff's motion.

REVERSED.