## SIMPLOT v. SIMPLOT.

1. SETTING ASIDE AN AWARD. An agreement to set aside an award does not of itself operate to set aside an agreement relating to the subject matter of the controversy between the parties.

2. DECREE. A decree must be predicated upon the allegations in the pleadings.

3. WHEN RELIEF WILL BE REFUSED. When the answer and the evidence are directly opposed to the allegations in the petition, relief will be refused: but such relief, as the case stated in the body of the bill, when considered in connection with the answer, will justify, will always be granted.

4. PRAYER FOR GENERAL RELIEF. Under the prayer for general relief such a decree will be entered as is warranted by the facts stated beyond that specifically asked.

*Appeal from Dubuque District Court.*

MONDAY, JANUARY 12, 1863.

IN EQUITY.   The bill alleges that complainant sold and conveyed to respondent forty acres of land near Dubuque; that payment was made by assigning to him certain notes, and a mortgage given to secure the same, on one Cooley; that respondent represented these notes to be perfectly good, and the mortgaged premises to be clear of all prior incumbrance; that such representations were fraudulent, known to be so; that they were relied upon; and various other matters showing fraud, &c.   It was also shown that suits had been commenced against Cooley on these notes; that he was defending the same, and had also instituted his action in equity to restrain their collection.   The prayer is, that respondent be restrained from selling the land thus sold until the aforesaid suits and proceedings should be determined, "and that in case your orator fails to collect the amount, agreed to be paid by said respondents from said Cooley, he may enforce his vendor's lien for the full amount of the purchase money, or for any deficiency; and that he may have judgment against the land therefor, and for such other and further relief as may be equitable in the premises."

The answer in substance admits the contract, but denies all fraud and misrepresentations.   Respondents further aver; that they took possession of the premises and made permanent improvements thereon to the value of two thousand dollars; and "they ask and require that said sum be decreed to be paid them in case the said deed conveying said premises should be annulled by the court."   They also show that prior to the commencement of this action the parties entered into a written agreement for the settlement of said matters in difference, by which they were to recon-

vey the land so bought of complainant, and surrender a certain note given by complainant to them for the difference between the amount of the Cooley note and the purchase money of the land; and the complainant was to deliver up and retransfer said Cooley note and mortgage. It is also averred that by this agreement the amount to be paid by complainant to respondents for improvements was submitted to three arbitrators; that they reported $1,000 in favor of respondents, which, by agreement, was set aside; that respondents made a deed to complainant and offered to deliver the same, as also his note, which he refused to accept; that this agreement never has been rescinded, but remains in force, and they are willing to abide by the same. They then deny that complainant is entitled to the relief prayed for, and they ask such relief under said decree as the facts and good conscience may require.

The replication avers that the agreement to submit to arbitrators was rescinded; that respondents were dissatisfied with the award, and consented that the same should be set aside.

Upon the issues as thus made, the cause was referred to a master, who, after taking testimony, reported as follows: That plaintiff's bill should be dismissed; 1st. Because he had not offered to deliver up the Cooley note and mortgage. 2nd. That complainant was barred by the agreement referred to in the answer, and ought not in conscience now to ask to have judgment for the purchase money and the vendor's lien.

In this stage of the case the complainant was allowed to amend his bill on payment of costs. This amendment was made, in which it is averred, that respondent had occupied the premises from the time of the purchase, and that the annual rent was worth $250; that they claim to have made improvements on said premises, but that they were made in bad faith, and they are entitled to nothing therefor; that

complainant brings into court the original note and mortgage of Cooley to be disposed of by the court; that the original agreement was, that complainant was to sell the land for $4,000—$500 in hand, and $3,500 in five equal installments, to be secured by mortgage on the premises; but that respondents, not being able to pay said sum in the manner agreed, induced complainant, by fraud, &c., to accept the Cooley note, &c.

The prayer is, that respondents be decreed to specifically perform the original contract, and in default thereof the deed to respondents be declared void; that complainant have judgment for his rent, be decreed to re-assign the mortgage and note given by Cooley; that respondents deliver up for cancellation complainant's note, and for such other and further relief as may be equitable in the premises. The answer was in denial, so far as the amendment was inconsistent with the original answer.

The cause was again referred, and the master submitted a report to the effect that the prayer of the amended bill should be granted, so far as it asked a rescission of the contract and a surrender of the several notes and mortgage; that the value of the improvements was $950—rent, $568.75; and that respondents should have judgment for the difference, $381.25. To this report respondents excepted; exceptions overruled, and decree entered in accordance with the report, from which they appeal.

*Utley & Doud* for the appellants.

*A. H. Dillon, Jr.,* for the appellee.

WRIGHT, J.— That the master found the facts correctly under the testimony submitted, we entertain no doubt. The paramount inquiry is, whether under the pleadings complainant was entitled to the relief granted.

If the master's report and decree of the court were based upon the proposition that respondent practised fraud in inducing complainant to change the original verbal agreement and take the Cooley indebtedness, we are prepared to concur therein, for we think the charges in the original bill on this subject are fully and sufficiently established. But if this is not true, the case can be placed beyond controversy upon the agreement of settlement. Of the existence of this agreement there is no doubt; indeed, it is admitted in all its terms by both parties. By this it is expressly agreed that the land shall be re-conveyed, and that each party shall surrender to the other the notes and securities held under the contract of sale. And it is not true that the agreement to set aside the award set aside the contract also. Two distinct matters are contained in the instrument. By the one the parties stipulate that each shall return to the other what was obtained in the trade. By the other the amount to be paid for improvements was submitted to arbitration. The agreement to set aside the award did not even revoke the submission. And certainly it could not have the effect of rescinding an independent and distinct contract, though contained in the same writing. The true construction of the writing is, that the parties agreed upon the terms of settlement in every respect, except as to the improvements. The validity of the contract is not attacked, and no reason is shown why it should not be enforced.

This agreement provided that the award should be made within thirty days of its date. It was thus made and set aside by mutual consent. This action was commenced long after the expiration of the thirty days, and after it had been set aside. No further steps were ever taken or sought to be taken under the submission by either party. Under such circumstances it was not incumbent upon complainant to first apply to have the arbitrators act or others appointed and a new award made. The agreement was only

one method of ascertaining the amount to be paid for improvements, and an appeal to the courts was not thereby concluded.

As to the amount found it is objected, 1. That the improvements should have been allowed for, without any deduction for rent; and, 2. That the rent allowed was exorbitant. The language of the submission is, that the arbitrators " shall decide upon an examination of the entire transaction of sale, what amount, if any, shall be paid by said John to Francis for improvements that may have been made by said Francis on said farm. " It seems that there were improvements on the premises, consisting of houses, fencing and out-buildings, prior to the purchase. One witness places the rent at $100 per year without fences or buildings. Another at $250, as it was while occupied by respondents, and of but little, if any, value without fence or buildings. The master allowed $165, yearly rent, and in view of the improvements on the premises at the time possession was taken, and testimony as to the value of the rent, this was not exorbitant. Then as to the allowance of any rent, we think that a fair construction of the contract is that this was to be taken into the account. The " entire transaction of sale" was to be examined, and the amount, if any, to which Francis was entitled for his improvements thus ascertained. The decree then being warranted by the testimony, we return to the inquiry whether the pleadings justify it. And it will be observed that the respondents themselves first set up the written agreement of settlement. They also put in a claim for improvements in the case that the deed should be set aside. By their answer also, they ask such relief, order and decree as the facts and good conscience may require. The prayer of the amended bill is, in the alternative, that the respondents either specifically perform the required agreement, or, in default thereof, that the deed, &c., be declared canceled, and for general relief.

The rule is correct that the decree must be predicated upon the allegations of the pleadings, and if the answer and evidence are directly opposed to the allegations of the bill, relief will not be granted. But such relief as the case stated in the body of the bill, (and this is to be considered in connection with the answer when it asks affirmative relief,) will justify, will always be granted. And then under the prayer for general relief, such decree will be entered as is warranted by the facts stated, beyond that specifically asked.

Applying these plain and well settled rules we find no difficulty in concluding that the relief granted was warranted by the pleadings. It in effect was no more than what was asked by respondents themselves. And then under the alternative prayer, and the prayer for general relief, contained in the original bill and amendment thereto, the court was also justified in decreeing a cancellation or surrender of the evidence of indebtedness, and adjusting the question of rent.

Affirmed.