MISSOURI, KANSAS & TEXAS TRUST COMPANY, APPELLANT, v. F. G. RICHARDSON ET AL., APPELLEES.

FILED FEBRUARY 9, 1899.   No. 8689.

1. **Mortgage Foreclosure: PARTIES.** In an action to foreclose a mortgage prior incumbrancers may be made parties defendant for the purpose of having the amount and rank of their liens adjudicated.

2. **Rights of Creditors: IMPOUNDING PROPERTY: LIENS.** A creditor whose claim has not been reduced to judgment, and who has neither a general nor specific lien on his debtor's property, is not entitled to have such property impounded as security for the claim.

3. ———: **CANCELLATION OF TRANSFERS: INJUNCTION.** Nor is such creditor entitled to an injunction restraining his debtor from disposing of some or all of his property. Neither is he entitled to a decree canceling fraudulent transfers already made.

4. **Interest: LEASE.** A lessee is entitled to interest at the rate of seven per cent per annum upon advance payments of rent made for the accommodation of the lessor and at his request.

5. **Landlord and Tenant: EFFECT OF ASSIGNMENT.** Without the landlord's consent, a tenant cannot, by assigning the lease, absolve himself from an express covenant to pay rent, or otherwise change the conditions of his obligation.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J.   *Reversed.*

*Thomas Ryan*, for appellant.

*C. A. Atkinson*, contra.

As to the effect of the assignment see: *Conrady v. Bywaters*, 24 S. W. Rep. [Tex.] 961; Wood, Landlord & Tenant 737; *Jackson v. Davis*, 5 Cow. [N. Y.] 124; *Bliss v. Gardner*, 2 Ill. App. 422; *Fletcher v. McFarlane*, 12 Mass. 42.

General creditor cannot reach assets or set aside transfers. (*McConnel v. Dickson*, 43 Ill. 99; *Scott v. M'Millen*, 1 Litt. [Ky.] 302; *Southard v. Benner*, 72 N. Y. 424; *Brown v. Long*, 1 Ired. [N. Car.] 190; *Massey v. Gorton*, 12 Minn. 83; *Dahlman v. Jacobs*, 15 Fed. Rep. 863; *Heyneman v. Dannenberg*, 6 Cal. 376; *Dormueil v. Ward*, 108 Ill. 216; High, Injunctions sec. 1403; *Bassett v. St. Albans Hotel Co.*, 47 Vt. 314; *Wiggins v. Armstrong*, 2 Johns. Ch. [N. Y.] 144; *Day v. Washburn*, 24 How. [U. S.] 355; *Dunham v. Cox*, 2 Stockt. Ch. [N. J.] 437; *Thurmond v. Reese*, 3 Ga. 449; *Jones v. Green*, 1 Wall. [U. S.] 330; *Birely v. Staley*, 5 Gill & J. [Md.] 432; *Rice v. Barnard*, 20 Vt. 479; *Brittain v. Quiet*, 1 Jones Eq. [N. Car.] 328; *Sanders v. Watson*, 14 Ala. 198; *Miller v. Davidson*, 3 Gil. [Ill.] 518; *Baxter v. Moses*, 77 Me. 465; *Henderson v. McVay*, 32 Ala. 471; *Castle v. Bader*, 23 Cal. 76; *Brown v. Bank of Mississippi*, 31 Miss. 454; *Meux v. Anthony*, 11 Ark. 411; *Dunlevy v. Tallmadge*, 32 N. Y. 427; *Griffin v. Nitchner*, 57 Me. 270; *Uhl v. Dillon*, 10 Md. 500; *Rich v. Levy*, 16 Md. 74; *Briggs v. Austin*, 129 N. Y. 208; *Tennent v. Battey*, 18 Kan. 324; *Martin v. Michael*, 23 Mo. 50; *Rollins v. Van Baalen*, 56 Mich. 610; *Crompton v. Anthony*, 95 Mass. 33.)

SULLIVAN, J.

In October, 1891, Theodore F. Barnes was the owner of the Windsor Hotel in the city of Lincoln. The property was incumbered by two mortgages, the first being for $25,000 and the second for $5,000. The second mortgage was given to, and owned by, the appellant, the Missouri, Kansas & Texas Trust Company. The hotel was leased by Barnes to F. G. Richardson for a term of five years, commencing February 10, 1892, at a monthly rental of $416.66, payable each month in advance. This lease was assigned by the lessor to the trust company as collateral security for his indebtedness to it; and in order to induce said company to dismiss a pending action for the foreclosure of its mortgage, Mr. Richardson, at

the instance of Barnes, paid to the appellant upon the lease the sum of $3,368.75. This payment was made on or about October 8, 1891, that being the day upon which the lease was executed. January 1, 1893, Richardson assigned his lease to Jennie Opelt, and at the same time sold her the hotel furniture, supplies, etc., taking back, as security for the unpaid purchase price, which amounted to $6,500, a chattel mortgage upon the property sold. April 2, 1894, to secure an indebtedness of $1,215.83, Mrs. Opelt gave Richardson a second chattel mortgage covering the same property described in the $6,500 mortgage. This second mortgage was on September 28, 1894, assigned to the appellant as security for rent then in arrears. July 28, 1893, Richardson transferred to his daughter, Clara M. Richardson, the first mortgage upon the hotel furniture and other property therein described. After the trust company became the assignee and owner of the second chattel mortgage it commenced this action against Jennie Opelt, F. G. and Clara Richardson in the district court of Lancaster county. The purpose of the suit is indicated by the prayer of the petition, which is here set out: "Wherefore this plaintiff asks that an injunction issue restraining the sale of said property described in said first named chattel mortgage, or the taking of said property under said chattel mortgage, for the purpose of foreclosure; that the assignment thereof from said Frederick G. Richardson to his daughter, Clara M. Richardson, be declared null and void, and that it be set aside and held for naught; that an accounting be taken of the amount yet due from said Frederick G. Richardson to plaintiff and judgment entered therefor; that the lien of the first chattel mortgage be declared junior and inferior to the lien of the plaintiff, and that the amount found due on said chattel mortgage No. 59710 be declared a first lien on said chattel property; that it be declared in full force and effect, valid and subsisting, and that on the final hearing of this case the injunction be declared and de-

creed perpetual; and that the plaintiff have such other, further, or different relief as it may be entitled to, including costs of this case." The court rendered judgment against Richardson for the sum of $11,702.19, and against Opelt for the sum of $12,948.34. The other relief prayed for was denied.

In view of the conclusion at which we have arrived it will not be necessary to separately consider the several propositions ably discussed by counsel for the trust company. Plaintiff acquired its chattel mortgage with notice of the fact that it was junior and subordinate to the mortgage for $6,500 executed by Opelt to Richardson. It had a right, of course, to proceed by action to enforce its security, and as an incident to that right it was entitled to bring the Richardsons before the court in order to have the rank of their mortgage and the amount due upon it adjudicated. But clearly the plaintiff is not entitled to have the transfer from Mr. Richardson to his daughter canceled, nor the further disposition of the mortgage by Miss Richardson enjoined. It is true the plaintiff had a second mortgage on the hotel furniture, but it did not have a specific lien upon the first mortgage. That was Richardson's property, and a mere general creditor could not impound it. The mortgaged chattels belong to Mrs. Opelt, and the plaintiff can assert no right to them except through the mortgages. The first mortgage was not made in fraud of the rights of Richardson's creditors, and a fraudulent assignment of it could not change the fact that it was and is a first lien on the hotel furniture. If it is an equitable asset available to Richardson's creditors, it must be reached in the usual way after the ordinary remedy has been exhausted. (High, Injunctions sec. 1041; *Dormueil v. Ward*, 108 Ill. 216; *Briggs v. Austin*, 129 N. Y. 208; *People's Savings Bank v. Bates*, 120 U. S. 556.) We approve the action of the trial court in refusing to annul the transfer of the mortgage from Richardson to his daughter and in refusing to enjoin her from making a sale or other disposi-

tion of the security; but we think a decree should have been rendered foreclosing the plaintiff's mortgage and fixing the amount due upon the first mortgage. The facts alleged in the petition and proven on the trial entitled the trust company to that relief. The prayer for general relief was quite sufficient. Its vagueness did not mislead the defendants, and in fact no one complains of it who is entitled to be heard upon that question. (3 Ency. Pl. & Pr. 347; *Danforth v. Smith*, 23 Vt. 257; *Simplot v. Simplot*, 14 Ia. 449.) In determining the amount due from Richardson to the plaintiff the trial court credited Richardson with the sum of $1,246.15 as interest upon the advance payment of rent made in October, 1891. From the evidence we are satisfied that Richardson is entitled to a credit upon the lease; but we think the court erred in its computation of the amount of interest for which credit should be given. To the extent only that rent was paid before it became due the lessee is entitled to interest thereon. The whole amount of the advance payment was bearing interest up to February 10, 1892. After that time the sum bearing interest was reduced $416.66 each month until the advancement was entirely exhausted by being applied upon the lease in accordance with the terms of that instrument.

Richardson complains of the decree, and contends that he is no longer liable on the lease assigned by Barnes to the plaintiff. The grounds for his contention are (1) that the plaintiff accepted Mrs. Opelt as its tenant, and (2) that he was, at most, Mrs. Opelt's surety, and as such has become discharged by a change in the terms of the original contract made without his knowledge or consent. The evidence does not sustain the propositions of fact upon which Richardson's argument is founded. The findings of the trial court are against him, and they rest upon adequate proof. Neither is it true as a proposition of law that the assignment of a leasehold interest discharges the lessee from an express covenant to pay

rent. He cannot, without the lessor's consent, release himself from or change the conditions of his obligation. (*Le Gierse v. Green*, 61 Tex. 128; *Fanning v. Stimson*, 13 Ia. 42.)

The judgment is reversed so far as it fails to conform to the views herein expressed. The cause is remanded with direction to the district court (1) to fix the amount due on the $6,500 mortgage and adjudge it to be a first lien on the property; (2) to render a decree foreclosing the plaintiff's mortgage; and (3) to increase the amount of the judgment against Richardson, by reducing the credit allowed him on account of interest, from $1,246.15 to the sum of $143.51.

REVERSED AND REMANDED.