FIELDEN C. HULEN, APPELLEE, V. JOEL T. CHILCOAT ET AL., APPELLANTS.

FILED JULY 12, 1907. No. 14,821.

1. **Creditors' Suit: EVIDENCE.** Evidence examined in this, a creditors' suit, and *held* insufficient to overcome the presumption of fraud which the law raises against the debtor and his grantee.

2. **Lis Pendens: SUPPLEMENTAL PLEADINGS.** The rule of *lis pendens* cannot be extended to charge third parties with notice of a new

and independent cause of action set up subsequently to their purchase by supplemental pleadings.

3. ————. By .the filing of a notice of *lis pendens*, as required by section 85 of the code, a creditor cannot impound the property of his debtor for the payment of a debt which is neither a general nor specific lien upon the property.

APPEAL from the district court for Cuming county: GUY T. GRAVES, JUDGE. *Reversed with directions.*

*A. R. Oleson* and *H. F. Rose,* for appellants.

*George L. Loomis* and *H. C. Maynard, contra.*

EPPERSON, C.

August 2, 1904, plaintiff filed his petition in the form of a creditor's bill to subject the real estate in controversy to the payment of a judgment for $1,216.15 obtained by plaintiff May 11, 1904, against the defendant Joel T. Chilcoat. Plaintiff alleged that the property was bought with the money of his debtor, but fraudulently placed in the name of the latter's son, the defendant Roy E. Chilcoat, and held by him in trust for his father. Plaintiff filed a notice of *lis pendens* in the office of the register of deeds as provided by law. August 11, 1904, defendant White purchased the land in controversy of Roy E. Chilcoat. February 2, 1905, plaintiff obtained another judgment for $1,087.50 against Joel T. Chilcoat upon a note due November 4, 1904. On February 9, 1905, plaintiff filed a supplemental petition in this cause, alleging that he had obtained the second judgment, and praying that the property in controversy be subjected to its payment. Later plaintiff filed an amended and supplemental petition, alleging, among others, the above facts, and making White a party defendant, but charging no fraud on his part. Upon trial the court found against all of the defendants, and directed a sale of the property for the satisfaction of plaintiff's judgments. Defendants appeal.

This case involves the right of plaintiff to recover

against the Chilcoats, and, if that be resolved in plaintiff's favor, his right to recover as against the defendant White must be determined.

1. As to the defendants Chilcoat: The undisputed evidence shows that on August 14, 1903, $3,800 belonging to the father and $200 belonging to the son were deposited in a bank at Wisner, Nebraska, in the name of the son. On the same day $3,000 of this amount was paid for the property in question and the title taken in the name of Roy E. Chilcoat, who was then but a few months past twenty-one years of age. Negotiations therefor were made jointly by the father and son. Plaintiff then held two notes against Joel T. Chilcoat, due respectively November 4, 1903, and November 4, 1904, upon which the judgments above mentioned were obtained. To overcome the presumptions against them, defendants introduced evidence tending to show that the $3,000 paid for the property was obtained by Roy E. Chilcoat in the following manner: Joel T. Chilcoat owed his brother William $2,200, which Roy assumed. This sum, together with $600 borrowed from his father and $200 of his own money, made up the purchase price of the property. A short time before William agreed to take Roy for this $2,200 indebtedness, he refused to grant an extension of time to Joel for its payment, because he needed the money. Yet in a very short time we find him releasing his brother, who was then able to pay the debt, and accepting therefor the young man whose property interests it appears did not exceed $200 in value. A part of the alleged $2,200 indebtedness owing to William was contracted in 1892. No written evidence of the indebtedness between the Chilcoats was introduced in evidence, nor its absence explained. We are satisfied that the defendants Chilcoats did not overcome the presumption which the law raises against them, and, so far as their interests are concerned, the judgment of the district court is right and should be affirmed.

2. The defendant White concedes that he has no defense to the cause of action alleged in the original petition

which was pending at the time he purchased the property, and he reserved $1,250 from the purchase price to protect himself against the plaintiff's claim as there alleged. But he contends that the supplemental petition subsequently filed does not relate back to the filing of the original petition so as to charge the property in his hands with the lien claimed by plaintiff for the first time in the supplemental petition: The rule of *lis pendens* is not intended to prevent the sale of the property, but to hold it within the jurisdiction of the court for the purpose of granting the relief sought. *Merrill v. Wright,* 65 Neb. 794. It is a general rule that pending litigation neither party can alienate the property in controversy so as to affect the rights of the other. This court recognized this rule in *Merrill v. Wright, supra,* and cases there cited. But can it be said that a litigant is entitled to the enforcement of rights accruing to him subsequently to the institution of an action, and alleged in supplemental or amended pleadings, as against a purchaser whose title vested prior to such accruing rights. An amendment which more fully sets forth the original cause of action will undoubtedly relate back to the institution of the suit, and thereby purchasers *pendente lite* are not relieved. But the bringing in of a new cause of action, which of itself constitutes a separate ground of relief, is a different matter, and, in our opinion, has no relation to the filing of the original petition so as to charge the property in the hands of a *pendente lite* purchaser against whom no fraud is charged.

In Bennett, Lis Pendens, sec. 32, it is said: "Where the original bill or petition does not involve the property, but, pending the suit, an amendment or amended petition or bill is filed alleging new matter, and involving property not before in litigation, the *lis pendens* created by the. amendment will commence from the filing of the amendment or amended pleading, and will not relate back to the commencement of the action so as to affect intervening rights." 1 Freeman, Judgments (4th ed.), sec. 199, is as

follows: "It is further necessary, in order to conclude a purchaser by virtue of a judgment, that by the record in the case at the time of the purchase the parties to the suit and the nature of the claim made to the property should be so stated that no subsequent amendment will be necessary. If any amendment is made, *lis pendens* as to the matters and parties involved in the amendment dates from the time it is made. The amending of a bill to show a new equity creates a new *lis pendens*. Thus where property was sought to be subjected to the payment of plaintiff's demands upon one ground, and that ground becoming untenable, the bill was amended to show another equity, upon which plaintiff prevailed in the suit, a purchaser preceding the amendment was held not to be bound by the decree." In *Stone & Warren v. Connelly*, 1 Met. (Ky.) 652, the plaintiff attached the property of his debtor. Later, and subsequently to a sale of the property by the debtor, an amended petition was filed, alleging a judgment obtained upon the debt and the return of an execution "no property found." The evidence failed to support the case as first alleged, and regarding the amendment with reference to the purchaser the court said: "An entirely new *lis pendens* was created by this amendment. By it the plaintiff's right to come into a court of equity was placed upon a different and distinct ground. It did not operate as a continuation of the original equity which had been relied on, but asserted an additional and independent ground of equitable relief. It presented an entirely different state of case, and amounted, substantially, to a new cause of action. The *lis pendens* which it created cannot be permitted to relate back to the commencement of the action, so as to affect intervening rights."

An amended or supplemental petition setting forth a new or different cause of action is in the nature of a new suit. The only purpose we can see for permitting it is to save a multiplicity of suits. All defenses accruing to the date of the amendment may be pleaded against it. It follows that one who purchases pending the suit under the

original petition is a *lis pendens* purchaser only as to the cause of action therein stated. As to the cause of action subsequently arising, and alleged by supplemental pleading, he has purchased before suit, and his title is superior to the lien thus pleaded unless, of course, he has been guilty of fraud. In *Wortham v. Boyd*, 66 Tex. 401, it is said: "It has been held that a plaintiff cannot set up a new equity so as to affect a purchaser who bought previous to the filing of the amendment in which it is alleged, though the prayer for relief be not changed. *Stone & Warren v. Connelly*, 1 Met. (Ky.) 652. Much less will the amendment affect such a purchaser, if the equity be different and contradictory of the original bill, * * * so far as the pendency of the suit can affect others than the parties to the suit, the cause is considered as pendent only from the time of the amendment." In *Bradley v. Luce*, 99 Ill. 234, an amendment alleging new matter was held notice to purchasers only from the time it was incorporated in the original bill. And in *Gage v. Parker*, 178 Ill. 455, it was held that the doctrine of *lis pendens* does not extend to a supplemental bill and adjudication under it.

The defendant White does not attempt to defeat the claim first alleged. He is as to that a *lis pendens* purchaser. But his estate is subject only to the judgment and lien set forth and claimed at the time of his purchase. By the proceedings as they existed at the time he purchased, he was in substance notified that plaintiff claimed a lien upon the property in the amount of the first judgment, for the satisfaction of which the court would retain jurisdiction over the property. Subservient to that, and that only, he purchased. In *Lincoln Rapid Transit Co. v. Rundle*, 34 Neb. 559, it is held: "Under section 85 of the code, as it existed prior to 1887, where an action had been brought which affected the title or possession of real estate, and summons had been served or publication made, third parties were charged with notice of the pendency of the action, and while the action was pending could acquire

no interest in the subject matter as against the plaintiff's title." There is no question but that the above stated the law correctly, as it existed prior to the amendment of 1887; but the action of which third parties are charged was the action pending at the time of the purchase, and the plaintiff's title against which the third parties could acquire no interest was the title owned by the plaintiff, and alleged in suit pending at such time. By the amendment of 1887 the legislature did not extend the rule of *lis pendens* to include causes of action accruing later, nor protect additional interests acquired by the plaintiff. The statute in part provides: "When the summons has been served, or publication made, the action is pending, so as to charge third persons with notice of pendency, and while pending, no interest can be acquired by third persons in the subject matter thereof, as against the plaintiff's title. * * * From the time of filing such notice shall the pendency of such action be constructive notice to any purchaser or incumbrancer to be affected thereby, and every person whose conveyance or incumbrance is subsequently executed * * * shall be deemed to be a subsequent purchaser or incumbrancer and shall be bound by all proceedings taken in said action after the filing of such notice to the same extent as if he were made a party to the action." Code, sec. 85. From the filing of the notice the pendency of the action is constructive notice to a prospective purchaser, who shall be bound by all proceedings therein. This clearly means that third persons are bound by all proceedings had upon the cause of action then existing and pleaded. He is not bound by the proceedings of the court upon other causes of action alleged by supplemental pleadings after his purchase. The relief sought at the time of the purchase is the only relief in which the court is interested, and for this alone jurisdiction over the property is retained.

Plaintiff in his original petition alleged the existence of the note upon which he afterwards obtained the judgment set forth in his supplemental petition. This he contends

charged White with notice. We cannot see that such allegation in any way enlarged the jurisdiction of the court or diminished the estate acquired by White. The allegation was unnecessary. It was no part of his claim then existing. His prayer for relief only asked for the enforcement of his first judgment. Had White then paid the first judgment and procured the dismissal of the first action, could plaintiff by later alleging the second judgment have charged White with notice? Certainly not. And by supplemental pleading he acquired no greater rights than he would have acquired by the institution of an independent action. A cause of action is not pending until pleaded. The title of a creditor seeking to enforce an equitable lien attaches only upon the institution of an action in which his lien is set forth. The existence of an indebtedness is not alone sufficient. It must have been reduced to judgment and uncollectible at law. A lien does not attach until a judgment is obtained and pleaded. To give plaintiff the relief sought, because he alleged in his original petition the existence of his then unmatured note, would be to impound the property for the benefit of a creditor whose debt is neither a general nor specific lien upon the property. This would be contrary to a well-established rule to which this court is committed. *Brumbaugh v. Jones,* 70 Neb. 786; *Missouri K. & T. T. Co. v. Richardson,* 57 Neb. 617.

Plaintiff cites *Tilton v. Cofield,* 93 U. S. 163, as decisive of this case. In that case plaintiff set up a cause of action on a book account, and attached the property. He obtained judgment, which was afterwards reversed. Pending suit the property was sold. Later plaintiff amended his affidavit and declaration, alleging upon a note, and prevailed, even against the purchaser. The note described in the amended declaration and the book account first alleged represented the same debt. It is not decisive of the case at bar. One of the controlling features in the case cited was the fact that the amendment did not change the cause of action or allege a different ground for relief.

In . reference to the amendment the court said: "The description of the cause of action was changed, but in the view of equity, and in point of fact, it was substantially the same with that originally described." The trial court properly found against the defendants upon the first judgment obtained by plaintiff against Joel T. Chilcoat, and declaring the same a lien upon the property in controversy; but was in error in subjecting the property to the payment of the second judgment.

We recommend that the judgment be reversed and the cause remanded, with instructions to modify the decree to conform to the conclusions herein announced.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with instructions to enter a decree in conformity to the conclusions therein announced.

REVERSED.