GEORGE W. SHAFER, APPELLANT, V. WILSONVILLE ELEVATOR COMPANY ET AL., APPELLEES.

FILED MAY 29, 1931. No. 27681.

*Stevens & Stevens*, for appellant.

*J. F. Fults* and *Perry, Van Pelt & Marti*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ.

ROSE, J.

Plaintiff commenced this action to recover from borrowers the amount due him on loans of money to them, to impress a first lien in his favor for a debt of $2,712.20 on 680 acres of land in Wheeler county and to foreclose as security an alleged equitable mortgage thereon.

The petition contains pleas that George W. Shafer, plaintiff, from April 6, 1927, to April 18, 1927, lent to Wilsonville Elevator Company, defendant, and to its manager and principal stockholder, S. M. Bird, defendant, various sums of money aggregating $4,583.08, of which debt a balance of $2,712.20 remains due and unpaid; that as a condition precedent to the loans and for the purpose of securing the debt, the defendants named orally pledged and delivered to plaintiff a warranty deed dated December 11, 1925, conveying the land from the owners to the Wilsonville Elevator Company; that Bird orally pledged and delivered his stock as security for the loan; that the properties pledged have not been redeemed and that plaintiff claims a first lien on the land; that the First National Bank of Shenandoah, Iowa, and its receiver, H. J. Spurway, defendants, claim an interest in the land under two registered mortgages dated August 7, 1923, one for $7,700 and the other for $8,600, both of which have been paid and should

be satisfied of record; ·that the Peters Trust Company, M. D. Cameron, and the Omaha Trust Company, defendants, appear to have an interest in the land under a mortgage dated January 10, 1917, but not registered until October 11, 1927, after plaintiff's lien attached. Plaintiff's petition and a notice of *lis pendens* were filed in the district court for Wheeler county February 3, 1928.

After service of summons, subsequent to answer day, all defendants were in default except the Omaha Trust Company. The latter filed an answer March 5, 1928, as trustee for Addie Drishaus, pleading ownership and nonpayment of an 8,600-dollar mortgage previously held by M. D. Cameron or the Peters Trust Company, alleging extension of time for final payment of the secured debt; original recording of the mortgage January 6, 1917; a second recording October 11, 1927, and praying for a decree adjudging this mortgage to be a first lien on the land described in plaintiff's petition.

The district court for Wheeler county, Judge Edwin P. Clements presiding, entered the default of all defendants, except the Omaha Trust Company, April 9, 1928, signed a formal decree on that date in favor of plaintiff· and against the Wilsonville Elevator Company for $2,743.50, and, in the event of nonpayment thereof within 20 days, directed the sale of the land subject to the Omaha Trust Company's mortgage which was adjudged to be the first lien. May 12, 1928, J. F. Fults, attorney, served on the attorneys for plaintiff a notice that his client, the Home State Bank, would present to Judge Clements May 21, 1928, a motion to set aside the judgment entered April 9, 1928, and to obtain permission to intervene. After the decree had been rendered April 9, 1928, in absence of plaintiff and his counsel, on nine days' notice given to them by the attorney for the Home State Bank, a stranger to the action, the notice having been given without a petition of intervention or a summons to plaintiff, Judge Clements made the following order:

"This cause came on to be heard this 21st day of May, 1928, the same being one of the days of the regular April 1928 term of the district court held in and for Wheeler county, Nebraska, upon the motion of the Home State Bank of Wilsonville, and the court being fully advised in the premises, vacates and sets aside the decree entered herein on the 9th day of April, 1928, and leave is hereby given to the Home State Bank of Wilsonville to file its petition in intervention herein."

In the meantime the Home State Bank filed in the district court for Wheeler county in the action, May 19, 1928, a petition in intervention denying unadmitted allegations of plaintiff's petition and pleading in substance that the warranty deed, naming the Wilsonville Elevator Company grantee, had been recorded; that mere possession of the deed by plaintiff under an oral agreement gave him no interest in the land and no right to a lien thereon; that the oral agreement to mortgage the land to plaintiff is void under the statute of frauds and the recording acts; that intervener recovered in the district court for Furnas county March 19, 1928, a 2,257-dollar judgment which was docketed in the district court for Wheeler county March 26, 1928, and thus acquired a valid lien on the land described in plaintiff's petition. Intervener prayed for a dismissal of plaintiff's petition and for a decree making its judgment the first lien on the land.

September 12, 1928, the district court for Wheeler county, by formal decree, sustained the intervention by the Home State Bank, found that plaintiff had no interest in or lien on the land, dismissed his petition and discharged of record the mortgage held by the Omaha Trust Company.

In the same case plaintiff filed a supplemental petition October 25, 1928, pleading his ownership, by purchase and assignment, of the Omaha Trust Company's mortgage; the recording of that mortgage January 26, 1917; a duly recorded agreement to extend payment until March 1, 1927; a further extension agreement October 4, 1927; a second

recording of the mortgage October 11, 1927; a first lien by virtue of the mortgage; nonpayment of the secured debt; the invalidity of the decree of September 12, 1928. The supplemental petition of plaintiff contained also prayers for a decree establishing his mortgage as the first lien, for the vacating of the judgment of September 12, 1928, and for adjudging the interest of intervener, if any, to be inferior to the judgment and mortgage liens of plaintiff.

November 26, 1928, intervener interposed an answer to plaintiff's supplemental petition. This answer contained a general denial and also pleas that the decree of September 12, 1928, canceling the Omaha Trust Company's mortgage, assigned to plaintiff, is in full force and effect, the term at which it was rendered having expired and no appeal having been taken; that plaintiff acquired by deed the title to the land described in his petition; that the lien of the mortgage purchased by plaintiff, if any, merged in the fee and is no longer enforceable. The answer contains also a prayer for a dismissal of plaintiff's supplemental petition. Plaintiff filed a reply containing a general denial of unadmitted allegations in the answer and pleading that he procured a deed to the land April 17, 1928, from the Wilsonville Elevator Company; that the deed was given as security for his loans to grantor; that he purchased the mortgage from the Omaha Trust Company to protect the lien adjudicated by the decree of April 9, 1928, now in full force and effect, as he alleges; that his mortgage lien did not merge in his deed and that he is entitled to a foreclosure.

The district court for Wheeler county convened September 30, 1929, and entered a decree in favor of plaintiff October 1, 1929, adjudging all former proceedings in reference to intervention, and also the decree of September 12, 1928, void for want of jurisdiction, and establishing liens in the following order: Mortgage held by plaintiff and securing an unpaid indebtedness of $10,132.56, first; unpaid balance of loans by plaintiff to the Wilsonville Elevator

Company, $3,026.20, second; amount due intervener, third. This decree also ordered the foreclosure of the first and second liens. On motion of intervener this decree of October 1, 1929, was vacated March 25, 1930.

With counsel for both plaintiff and intervener present in the district court, the cause eventually came on to be heard April 17, 1930, upon the supplemental petition of plaintiff, the answer and petition of intervener and the reply. Upon a trial of the issues the district court ordered the sale of the incumbered premises and directed distribution of the proceeds to lienors as follows: First, to intervener on its judgment, $2,380.65 with interest at the rate of 10 per cent. per annum from September 12, 1928; second, to plaintiff on his mortgage, $10,598.40 with interest at the rate of 10 per cent. per annum from June 10, 1930; third, to plaintiff on his loans, $3,401 with interest at the rate of 7 per cent. per annum from June 10, 1930. From this decree plaintiff appealed.

The record shows conclusively that plaintiff has a lien on the 680 acres of land in Wheeler county for the amount due on the mortgage purchased by him from the Omaha Trust Company; that he is entitled to a lien for the amount due on his loans to the Wilsonville Elevator Company; that intervener has also a valid lien for the amount due on the judgment recovered by it in the district court for Furnas county and docketed in the district court for Wheeler county. The appeal presents for determination the order in which the liens attached to the incumbered land.

Both plaintiff and intervener asked the trial court for equitable relief. Their respective rights depend upon rules of law and equity applicable to the pleadings and the evidence on a trial *de novo*. A court of equity has power to determine controverted issues involving the priority of specific liens on real estate.

Plaintiff contends that the judgment rendered in his favor April 9, 1928, establishing his equitable mortgage, securing the amount due him on his loans to the Wil-

sonville Elevator Company, is in full force, giving as a reason that the order setting it aside May 21, 1928, was fraudulently procured without legal notice when he and his attorney were not present in court. The order of May 21, 1928, did not determine the merits of the case and was not an appealable order. It is therefore subject to review on this appeal from the final judgment. Plaintiff's original petition did not state a cause of action for the establishment and foreclosure of an equitable or oral mortgage. He did not plead a mortgage in writing but included in his petition a title deed naming the Wilsonville Elevator Company, not plaintiff, as grantee. The terms of the deed were at variance with his claim as mortgagee. A contract inserted in a petition as part of a cause of action controls allegations which it contradicts. *Carey v. Zabel,* 112 Neb. 16. The oral pledge to plaintiff and his possession of the title deed, as alleged by plaintiff, did not create a mortgage lien, such a method of acquiring one being at variance with the statute of frauds and the recording acts. Comp. St. 1929, sec. 36-103; *Bloomfield State Bank v. Miller,* 55 Neb. 243. The original judgment of April 9, 1928, and the order setting it aside were entered at the same term of court. The district court, therefore, had power to correct the error resulting in that part of the decree foreclosing an oral or equitable mortgage. The controlling precedent follows:

"The district court has power to set aside a judgment or decree during the term at which it was rendered, if satisfied that it has been procured by fraud or collusion, or if it believes that its former conclusion was erroneous." *Winder v. Winder,* 86 Neb. 495. See, also, *Bradley v. Slater,* 58 Neb. 554; *Coxe Bros. & Co. v. Omaha Coal, Coke & Lime Co.,* 4 Neb. (Unof.) 412.

Since plaintiff did not have a valid oral or equitable mortgage, that part of the decree adjudicating one in his favor was properly vacated at the same term of court. It does not follow, however, that the entire decree of April

9, 1928, should have been set aside. It contained a valid money judgment for the amount due plaintiff on his loans to the Wilsonville Elevator Company, and there was no justification for vacating that part of the decree May 21, 1928, or at any subsequent date. In the original petition plaintiff stated fully the particular facts entitling him to such relief. The borrower was a properly summoned defendant without any defense and made none. Intervener, though not then a party to the suit, though having no right, either legal or equitable, to prevent plaintiff from recovering a money judgment against the Wilsonville Elevator Company for the amount due him on his loans, interposed a mere motion, and thus procured a formal decree setting aside a valid judgment in a cause of action to which there has never been any defense. The petition in intervention did not state any defense to the plea of plaintiff for judgment on his loans or any ground for setting aside such a judgment. He was entitled to that judgment at the time it was rendered and at every subsequent stage of the proceedings, including the final decree. In exercising power to correct the decree of April 9, 1928, at the same term of court, the district judge should have confined his decision to the unauthorized relief granted—what was outside the pleadings and the law. The following procedure was adopted in a former opinion:

"If a court spreads upon its records a judgment void in part because not responsive to the pleadings, or not pertaining to subjects within its jurisdiction, a party against whom the judgment is directed or whose property rights it assumes to influence is entitled to have canceled and expunged from the records of the court so much of the judgment as is void." *Higgins v. Vandeveer*, 85 Neb. 89.

That part of the decree of April 9, 1928, including the judgment for the loans to the borrower, was improperly vacated and equity will restore the lien thereof as of that date. 18 Standard Ency. of Procedure, 1002.

Plaintiff gave notice of *lis pendens* February 3, 1928, and contends that consequently intervener did not acquire any adverse interest in or lien on the land, for the reason that the judgment rendered in Furnas county at a later date—March 19, 1928—was not docketed in Wheeler county until March 26, 1928. On the record presented for review the position thus taken is untenable. The contention of plaintiff that he had an interest in the land or a specific lien thereon when he gave notice of his *lis pendens* February 3, 1928, is based on his plea that he then had an oral or equitable mortgage. This plea, as already explained, did not state facts showing that he had such a lien. It necessarily follows that the *lis pendens* was not effective for the purpose of preventing intervener's judgment from attaching to the land when docketed in the district court for Wheeler county March 26, 1928, a date prior to that of plaintiff's judgment of April 9, 1928. The law applicable was stated in a former opinion as follows:

"A cause of action is not pending until pleaded. The title of a creditor seeking to enforce an equitable lien attaches only upon the institution of an action in which his lien is set forth. The existence of an indebtedness is not alone sufficient. It must have been reduced to judgment and uncollectible at law. A lien does not attach until a judgment is obtained and pleaded. To give plaintiff the relief sought, because he alleged in his original petition the existence of his unmatured note, would be to impound the property for the benefit of a creditor whose debt is neither a general nor specific lien upon the property. This would be contrary to a well-established rule to which this court is committed." *Hulen v. Chilcoat,* 79 Neb. 595.

In this view of the pleadings and the law, the judgment docketed by intervener in the district court for Wheeler county created a lien superior to the judgment therein entered in favor of plaintiff at a later date.

Plaintiff insists further that the mortgage purchased

by him from the Omaha Trust Company and pleaded in his supplemental petition takes precedence over the judgment of April 9, 1928, in his favor and over the judgment in favor of intervener. On the contrary, intervener argues that the lien of the mortgage was discharged by merger in the fee conveyed by the deed from the owner of the equity of redemption to plaintiff and that therefore intervener's judgment is the first lien since it attached before plaintiff procured his judgment for unsecured loans. An examination of the record leads to a different conclusion. Plaintiff purchased the mortgage to protect his own claims and to protect himself from the claim of intervener. He had no intention of allowing the merger of his two estates—the mortgage and the fee. No other finding is permissible under the evidence, the surrounding circumstances and the anomalous proceedings in the cause. Where a mortgagee purchases the fee to protect his lien from an intervening claim without any intention of merging his two estates and pursues a consistent course with that end in view, the mortgage lien is not discharged by merger. *Edney v. Jensen,* 116 Neb. 242; *Citizens State Bank v. Petersen,* 114 Neb. 809.

Intervener contends further that the decree of September 12, 1928, established its judgment as the first lien; that the term of court at which the decree of that date was entered expired; that plaintiff did not appeal therefrom; that the adjudication is final on the issue of priority. The argument in favor of these propositions is not well founded. When the decree of September 12, 1928, was rendered plaintiff was not the holder of the mortgage. The Omaha Trust Company as trustee was the owner of that security and had pleaded it as a valid, unsatisfied, recorded, first lien, in answer to plaintiff's petition. The petition in intervention stated the mere conclusion of law that intervener's judgment was "prior and superior to the claim or lien of plaintiff or the defendants" without stating any fact to justify the district court in canceling the mortgage

or in making the judgment of intervener the first lien. When the petition in intervention was filed and when the decree was signed, the intervener that procured the decree was charged by the public records with notice that the mortgage was the first lien. The decree to the contrary, without any pleading to support it, was void. Later in the same undetermined proceeding, a court of equity, upon proper pleadings and proof, had power to cancel such a decree, even after expiration of the term of court at which it was rendered.

The judgment from which this appeal was taken is reversed and a decree will be entered in the supreme court with a direction to the district court to carry it into effect. The mortgages formerly held by the First National Bank of Shenandoah, Iowa, and its receiver are canceled. The liens and the order in which they attach to the incumbered land are as follows: The mortgage purchased by plaintiff from the Omaha Trust Company is the first lien for $9,288 with interest at the rate of 10 per cent. per annum from October 25, 1928. The judgment docketed by intervener in the district court for Wheeler county is the second lien for $2,257 with interest at the rate of 10 per cent. per annum from March 19, 1928. The money judgment rendered in the district court for Wheeler county April 9, 1928, in favor of plaintiff, is reinstated for $2,743.50, as of that date, with interest therefrom at the rate of 7 per cent. per annum. Plaintiff's mortgage will be foreclosed and the proceeds distributed to lienors in the order indicated. Intervener will be required to pay its own costs in the district court and the costs in the supreme court. Other costs in the district court will be taxed to the Wilsonville Elevator Company, defendant.

DECREE ACCORDINGLY.